O & A EXPRESS, INC. and Bill Danny Young, Appellants,

v.

Lawrence W. MURRAY, Appellee.

No. 6886.

Court of Civil Appeals of Texas, El Paso.

March 25, 1981.

Rehearing Denied May 6, 1981.

Dudley & Dudley, William C. Dudley, Paul W. Dudley, Michael W. Hartley, El Paso, for appellants.

Malcolm McGregor and Philip T. Cole, El Paso, for appellee.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is an action for negligence and wrongful death stemming from an automobile/truck collision. The action was brought by Lawrence W. Murray and the statutory beneficiaries of Kris Dale Christian, deceased, against Bill Danny Young, driver of the truck, and his employer, O & A Express, Inc. We reverse the judgment of the trial Court and remand the cause for a new trial on the merits.

On March 29, 1974, Defendant Young was driving a tractor-trailer truck on U.S. Highway 62/180, about 12 miles east of the city limits of El Paso. Young, upon the occurrence of mechanical problems, pulled off the road onto the shoulder. The record is uncontroverted that a portion of the truck protruded between 8 to 12 inches into the roadway. No reflective warning devices were placed on the highway to warn approaching vehicles of the disabled truck. Young turned the truck lights off and flagged down a trucker traveling in the opposite direction. While discussing his problem with the trucker, a car driven by Plaintiff Murray, in which the decedent Christian was a passenger, collided with the portion of Young's truck which protruded into the highway. Christian was killed by the impact, and Murray suffered personal injuries.

The trial Court, upon a request by the attorney for Plaintiffs, found that Young was negligent as a matter of law by violating Sections 93, 125 and 138 of Tex.Rev.Civ. Stat.Ann. art. 6701d (Vernon 1977); this was done without naming them but by instructing in the language of such statutes. The jury found that these statutory violations were a proximate cause of the occurrence in question, and found damages for Plaintiff Murray in the amount of $85,000 and damages for Christian's beneficiaries in the amount of $40,000. The jury also found that Murray was negligent in failing to keep a proper lookout and that such failure was a proximate cause of the occurrence. The jury apportioned 90% of the negligence to Defendant Young and 10% to Plaintiff Murray. The Defendants in the lower court bring points of error before this Court, and will hereafter be referred to as Appellants.

Appellants' fourth point of error complains of the trial Court's action in finding that Appellant Young was negligent as a matter of law. We sustain this point of error on the basis of the recent Texas Supreme Court decision in *Eagle Trucking Company v. Texas Bitulithic Company*, 612 S.W.2d 503 (1981). (Opinion on motion for rehearing, 24 Tex.Sup.Ct.J. 256 [February 25, 1981]). The facts of that case are strikingly similar to those of the case at bar. A winch truck, owned by Eagle Trucking, was blocking a portion of FM Road 2011, at which time a dump truck rounded a corner and collided with the winch truck. Upon

litigation, the owner of the dump truck, by counterclaim, alleged factually that the winch truck was " 'completely blocking said road.' " No special exceptions were addressed to the failure to indicate statutory violations relied on. Judgment in the trial court was against the owner of the dump truck, who claimed for the first time in a motion for new trial that the winch truck owner and operator were negligent as a matter of law in violating Art. 6701d, sec. 93(a), which pertains to stopping or parking on a highway outside a business or residence district.

The Tyler Court of Appeals, in a decision published at 590 S.W.2d 200, held that the facts constituting a statutory violation were pled and that this was sufficient to establish negligence as a matter of law. Judicial notice was taken of the fact that the location of the accident was "outside of a business or residence district," which finding is required to establish a violation of Art. 6701d, sec. 93(a). The Texas Supreme Court reversed that part of the judgment which held that the pleadings were sufficient to establish negligence as a matter of law, stating:

> Guin, in his pleadings, did not allege a violation of section 93(a) nor that the defendants were negligent per se. Guin did allege that the Eagle Trucking winch truck blocked the highway, but several different subdivisions of article 6107d [sic] relate to stopped vehicles. . . .

> It is our opinion that the plaintiffs, Guin and Peden, did not rely on section 93(a) in the trial court.

The Court went on to hold that judicial notice may not be taken of the location of an accident in order to supply missing proof required by Art. 6701d, sec. 93(a), that the act of stopping be "[u]pon any highway outside of a business or residence district," as defined at Section 17 of Article 6701d.

▮ In the case at bar, Appellee's pleadings alleged only that Appellant Young was guilty of negligence in "(a) stopping his vehicle so that it extended into the Plaintiffs' traffic lane; (b) failing to set out any signal or warning devices; and (c) in other acts of negligence." These pleadings are insufficient as a matter of law to support the trial Court's determination of negligence per se. The facts pled are equally consistent with allegations of common law negligence as with allegations of statutory violations. The record is devoid of evidence that Appellee in fact intended to charge Appellant with statutory violations.

▮ It is well established that the mere fact that the Legislature adopts a criminal statute does not mean the courts must accept it as a standard for civil liability. *Carter v. William Sommerville and Son, Inc.*, 584 S.W.2d 274 (Tex.1979). There is authority for the proposition that, irrespective of the reason for stopping, an operator of a stopped vehicle that poses a source of danger to other motorists, owes a common law duty to warn those motorists that he is stopped, if an ordinary prudent person in the exercise of ordinary care would have foreseen that, in the absence of such warning, a collision might occur. *Lofton v. Norman*, 508 S.W.2d 915 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.). Appellee's pleadings and evidence are as consistent with this theory of recovery as with a charge of statutory violation. If a party relies on a statutory violation to relieve him of the burden to obtain a jury finding of negligence, that violation must be pled and evidence introduced to establish as a matter of law noncompliance with the statutory directive. Over the objection of Appellants, the Court instructed the jury in terms of the three statutes involved, and that the Appellant Young by his actions to the contrary was negligent as a matter of law. Each such instruction was then followed by a single question of whether such act was a proximate cause of the occurrence in question. Appellant was thus denied a jury determination of the question of whether he was actually guilty of the legislatively proscribed conduct.

Generally, the litigant alleging negligence per se as a ground of recovery must assume the burden of proving a statutory violation [authorities omitted]. The typical submission of such a case

includes an issue inquiring whether the party charged is actually guilty of legislatively proscribed conduct along with an issue inquiring whether the violative conduct was the proximate cause of the accident. The violator may excuse his conduct, but he must produce some evidence of a legally acceptable excuse. If some evidence of a legally acceptable excuse such as emergency, incapacity or impossibility is present in the case, the litigant charging statutory violation must assume a further burden. That burden entails requesting an issue which inquires whether the litigant charged is guilty of negligence as measured by the common law or reasonable person standard [footnotes omitted].

*Moughon v. Wolf,* 576 S.W.2d 603 (Tex. 1978). We are of the opinion that the statutory violations are not conclusively established, and that the Court erred in submission of the case in its charge. Accordingly, we sustain Appellants' Point of Error IV.

■ Appellants raise in their second point of error a complaint that the trial Court erred in refusing to admit into evidence photographs of an out-of-court experiment which attempted to reconstruct the accident scene. We conclude that there was no error in refusing to admit the photographs as there was not a substantial similarity between conditions existing at the time of the occurrence which gave rise to the litigation and those in existence at the time the experiment was conducted. *Fort Worth & Denver Railway Company v. Williams,* 375 S.W.2d 279 (Tex.1964).

The remainder of Appellants' points of error are overruled. Although the Texas Supreme Court's decision in *Eagle Trucking, supra,* was rendered after the trial of this cause, we conclude that this is a proper case to remand in the interest of justice. *Scott v. Liebman,* 404 S.W.2d 288 (Tex. 1966); *L.M.B. Corporation v. Gurecky,* 501 S.W.2d 300 (Tex.1973).

The judgment is reversed and the cause is remanded to the trial Court for a new trial.