Lawrence W. MURRAY, Petitioner,

v.

O & A EXPRESS, INC., et al.,
Respondents.

No. C–461.

Supreme Court of Texas.

Feb. 24, 1982.

Rehearing Denied April 21, 1982.

Malcolm McGregor and Philip T. Cole, El Paso, for petitioner.

Dudley & Dudley, Michael W. Hartley and Paul W. Dudley, El Paso, for respondents.

SPEARS, Justice.

This action for damages arises out of a collision between an automobile and a parked truck. Plaintiffs Lawrence W. Murray and the beneficiaries under the wrong-

ful death statute [1] of Kris Dale Christian, a deceased minor child, sued O & A Express and its employee Bill Danny Young alleging negligence and wrongful death. The trial court rendered judgment for Murray and the beneficiaries of Christian, holding that Young and O & A were negligent as a matter of law. The court of civil appeals reversed and remanded for a new trial. 614 S.W.2d 873.

The issue before this court is whether the pleadings and evidence support the trial court's finding that Young was negligent *per se.* We hold these findings were proper. We therefore reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

On March 29, 1974, Bill Danny Young was driving a truck owned and operated by O & A Express, Inc. on a run from El Paso, Texas to Roswell, New Mexico and back. Driving eastbound about 12 miles east of El Paso on U.S. Highway 62/180, Young experienced mechanical problems with the truck and pulled off the road onto the shoulder; however, it is uncontroverted that a portion of the truck protruded into the roadway. Young saw what he believed to be smoke coming out from the hood. First suspecting a fire, Young shut off all systems and inspected the engine. He found that almost all of the engine oil had leaked out of the truck and that the spilled oil was smoking. Young then turned on the truck's lights and attempted to start the engine. The starter functioned but the motor would not start. After several attempts to start the motor failed, Young spotted a westbound truck, turned his lights off and ran across the road to flag down the other truck. Young did not place any reflectors or warning flares on the road, nor did he activate the truck's warning flashers. While Young was across the highway talking with the other truck driver, a car driven by plaintiff Murray, in which Christian was a passenger, collided with Young's truck at the point where Young's truck protruded into the driving

1. Art. 4675. All statutory references are to Texas Revised Civil Statutes Annotated (Ver-  non).

lane. The impact killed Christian and injured Murray.

Murray and the statutory beneficiaries of Christian brought suit against O & A Express and Bill Danny Young alleging negligence and wrongful death. The petition of Murray and Christian alleged negligence as follows:

Plaintiff alleges that the Defendant, Bill Danny Young was and is guilty of negligence in the following respects and particulars to wit:

a. In that he then and there stopped his vehicle so that it extended into the Plaintiff's traffic lane;

b. In that he then and there failed to set out any signal or warning devices;

c. In other acts of negligence.

O & A made no special exceptions to this petition. Murray's counsel made it clear in his opening statement to the jury that plaintiffs relied upon negligence *per se* in that Bill Danny Young had violated sections 93, 125, and 138 of article 6701d Texas Revised Civil Statutes.[2] Murray then introduced uncontested evidence which clearly established violations of these statutes. At the close of trial, the trial court instructed the jury in his charge that defendant Young was negligent as a matter of law. The trial court then submitted issues to the jury as to proximate cause and as to the comparative fault of Young and plaintiff Murray. The jury found that each of the three statutory violations was a proximate

2. Article 6701d provides in relevant part:

Sec. 93. (a) Upon any highway outside of a business or residence district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main-traveled part of the highway when it is *practicable* to stop, park, or so leave such vehicle off such part of said highway, *but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle shall be available from a distance of two hundred (200) feet in each direction upon such highway.*

(b) This section shall *not apply* to the driver of any vehicle which is disabled while on the paved or main-traveled portion of a highway in such manner and to such extent that *it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position.*

Sec. 125. ...

(d) Any vehicle may be equipped with lamps for the purpose of warning the operators of other vehicles of the presence of a vehicular traffic hazard requiring the exercise of unusual care in approaching, overtaking or passing. After January 1, 1972, every bus, truck, truck tractor, trailer, semitrailer or pole trailer eighty (80) inches or more in overall width or thirty (30) feet or more in overall length shall be equipped with lamps meeting the requirements of this subsection. The lamps used to display such warning to the front shall be mounted at the same level and as widely spaced laterally as practicable, and shall display simultaneously flashing white or amber lights, or any shade of color between white and amber. The lamps used to display such warning to the rear shall be mounted at the same level and as widely spaced laterally as practicable, and shall show simultaneously flashing amber or red lights, or any shade of color between amber and red. These warning lights shall be visible from a distance of not less than five hundred (500) feet in normal sunlight.

Sec. 138. (a) Whenever any truck, bus, truck tractor, trailer, semitrailer or pole trailer eighty (80) inches or more in overall width or thirty (30) feet or more in overall length is stopped upon a roadway or adjacent shoulder, *the driver shall immediately actuate vehicular hazard warning signal lamps meeting the requirements of Section 125.* Such lights need not be displayed by a vehicle parked lawfully in an urban district, or stopped lawfully to receive or discharge passengers, or stopped to avoid conflict with other traffic or to comply with the directions of a police officer or an official traffic-control device, or while the devices specified in Subsections (b) to (h) are in place.

(b) Whenever any vehicle of a type referred to in Subsection (a) is disabled, or stopped for more than ten (10) minutes, upon a roadway outside of an urban district at any time when lighted lamps are required, *the driver of such vehicle shall display the following warning devices* except as provided in Subsection (c):

1. *A lighted fusee, a lighted red electric lantern or a portable red emergency reflector shall immediately be placed at the traffic side of the vehicle in the direction of the nearest approaching traffic.*

2. *As soon thereafter as possible* but in any event within the burning period of the fusee (15 minutes), *the driver shall place three (3) liquid-burning flares (pot torches), or three (3) lighted red electric lanterns, or three (3) portable red emergency reflectors on the roadway* .... (Emphasis added.)

cause of the injury to Murray and the death of Christian. The jury also found that Murray was 10 percent responsible for the accident in failing to keep a proper lookout and that Young's negligence was 90 percent responsible. Damages were found to be $85,000 for Murray and $40,000 for the beneficiaries of Christian. After deducting for the negligence of Murray, the trial court rendered judgment on this verdict against both Young and his employer, O & A. O & A settled with Christian's beneficiaries and appealed only as to Murray.

The court of civil appeals held that Murray had not pleaded negligence *per se* and was therefore not entitled to recover on that theory. Thus, the court of civil appeals reversed the decision of the trial court and remanded the cause for a new trial.

The office of pleadings is to define the issues at trial. *Safety Casualty Co. v. Wright*, 138 Tex. 492, 160 S.W.2d 238 (1942). Pleadings should give fair and adequate notice of the facts upon which the pleader relies in order that the adverse party may properly prepare his defense thereto. *Stone v. Lawyer's Title Ins. Co.*, 554 S.W.2d 183 (Tex.1977); *Johnson v. Willis*, 596 S.W.2d 256 (Tex.Civ.App.—Waco 1980, writ ref'd n. r. e.); *Tennell v. Esteve Cotton Co.*, 546 S.W.2d 346 (Tex.Civ.App.—Amarillo 1976, writ ref'd n. r. e.); *McCamey v. Kinnear*, 484 S.W.2d 150 (Tex.Civ.App.—Beaumont 1972, writ ref'd n. r. e.). Thus, in determining whether Murray's pleadings were sufficient to support an instruction on negligence *per se*, we focus upon the adequacy of the notice this pleading provided and the opportunity to prepare an adequate defense which the allegations afforded the defendants.

The unexcused violation of a penal statute constitutes negligence as a matter of law if such statute was designed to prevent injuries to a class of persons to which the injured party belongs.[3] *Missouri Pacific Ry. v. Austin American Statesman*, 552 S.W.2d 99 (Tex.1977). When a defendant is alleged to be negligent as a matter of law because of the violation of a statute and a statutory violation is proven, the defendant's negligence is not at issue unless evidence of excuse is presented. *Moughon v. Wolf*, 576 S.W.2d 603 (Tex.1978). The defendant in such a suit must frame his defense in terms of the recognized excuses for violation of a statute.[4] Since these excuses must be affirmatively raised by the evidence, it is important that the party alleged to be negligent as a matter of law be informed prior to trial that the opposing party relies upon the statutory violation. Thus, a party relying upon a statutory violation should plead this reliance if he is to recover on that basis. *Eagle Trucking Co. v. Texas Bithulithic Co.*, 612 S.W.2d 503 (Tex.1981); *Mercer v. Evans*, 173 S.W.2d 206 (Tex.Civ.App.—Fort Worth 1943, writ ref'd n. r. e.); *Groendyke Transport Co. v. Dye*, 259 S.W.2d 747 (Tex.Civ.App.—Amarillo 1953, writ dism'd); *Belzung v. Owl Taxi Co.*, 70 S.W.2d 288 (Tex.Civ.App.—Eastland 1934, writ dism'd). Further, the pleader should reasonably identify the statute relied upon. *See Eagle Trucking, supra*, 612 S.W.2d at 506.

Murray made no mention in his petition of the violation of a specific statute. However, this lack of a specific pleading of negligence *per se* was not raised by the defendants at any time during trial. O & A made no special exceptions to the pleadings

---

**3.** It is clear in the present case that the statute involved was designed to prevent injury to persons such as Murray and Christian.

**4.** In *Impson v. Structural Metals, Inc.*, 487 S.W.2d 694, 696 (Tex.1972), we approved the Restatement of Torts, Second § 288A as substantially stating Texas law concerning civil liability for violation of a penal statute. That section provides five categories of situations where a statutory violation is excused. They are:

(a) the violation is reasonable because of the actor's incapacity;
(b) he neither knows nor should know of the occasion for compliance;
(c) he is unable after reasonable diligence or care to comply;
(d) he is confronted by an emergency not due to his own misconduct;
(e) compliance would involve a greater risk of harm to the actor or to others.
*Id.* at 696.

of Murray even though those pleadings were general. Moreover, O & A did not object to the opening statement of Murray which made clear his reliance upon the statutes. Murray's evidence of statutory violations was likewise admitted without objection to the lack of pleadings. Finally, O & A never excepted to the lack of pleadings supporting the court's charge which instructed the jury that O & A and Young were negligent as a matter of law. Having failed to except to the lack of pleadings at any point during trial, O & A has waived any error in the pleadings of Murray. *Minugh v. Royal Crown Bottling Co.*, 267 S.W.2d 861 (Tex.Civ.App.—San Antonio 1954, writ ref'd); Tex.R.Civ.Pro. 274.

█ O & A argues, and the court of civil appeals reasoned, that a trial exception to the lack of pleadings was not required because the evidence adduced at trial would have been equally consistent with the theory of common law negligence which Murray clearly alleged. However, the primary complaint of O & A is not that evidence was improperly admitted. Instead O & A complains that even though the negligence *per se* theory was not pleaded, the jury was *instructed* that the statutory violations by Young constituted negligence as a matter of law. Any ambiguity which might have existed as to the theory upon which Murray relied evaporated when Murray submitted a proposed instruction on negligence *per se*. By failing to make a specific objection to the lack of pleadings at the time the instruction was submitted, O & A deprived Murray of his opportunity to seek a trial amendment. Tex.R.Civ.Pro. 66, 274; *see Brown v. American Transfer & Storage Co.*, 601 S.W.2d 931, 938 (Tex.1980). Therefore, we see no reason why O & A should not be held to the requirement that a party complaining that an instruction is unsupported by pleadings object on that basis in the trial court. *Lancaster v. Fitch*, 112 Tex. 293, 246 S.W. 1015 (1923). *Burgess v. Warren*, 149 S.W.2d 1006 (Tex.Civ.App.—Dallas 1941, writ ref'd).

█ O & A also contends that the evidence adduced at trial raised a fact issue as to whether the statutory violations were excused. Citing *Impson v. Structural Metals, Inc.*, 487 S.W.2d 694 (Tex.1972), O & A argues that Bill Danny Young was acting under conditions of a sudden emergency not the result of his own misconduct, and thus he is excused from compliance with the statute. The jury found that three statutory violations proximately caused the accident in question: (1) the failure to pull completely off the highway, (2) the failure to turn on warning lights, and (3) the failure to place warning flares and reflectors on the highway. Even assuming that O & A introduced more than a scintilla of evidence to show that Young pulled the truck as far off the road as he believed he could under the circumstances,[5] there is no evidence of any excuse for the failure of Young to switch on the truck's warning blinkers and place warning reflectors or flares on the highway. Young testified that he turned the truck lights off and went to flag down the other trucker *after* he had determined that the truck was not in danger of fire. Young gave no reason for his failure to use the truck's warning devices except that the area around the accident was so desolate that he did not think about warning anyone. Thus, the trial court properly instructed the jury to find Young and O & A negligent as a matter of law as to the violations of art. 6701d §§ 125 and 138. Since the jury found that these violations proximately caused the injuries to Murray, the judgment awarding him damages was proper.

The judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed.

5. The evidence shows that Young believed the truck to be on fire and was concerned that he

stop it as quickly as possible.