Alleane Friend McMULLAN and D.K. McMullan, Appellants,

v.

Bill Y. FRIEND, et al., Appellees.

No. 7156.

Court of Appeals of Texas, El Paso.

Aug. 18, 1982.

Rehearing Denied Sept. 22, 1982.

Hall, McLaughlin & Lane, John Mark McLaughlin, San Angelo, for appellants.

Dodson, Nunley & Taylor, J. Ken Nunley, Patrick Lowe, Uvalde, Finley and Scogin, George S. Finley, Kermit, for appellees.

Before STEPHAN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

## OPINION

OSBORN, Justice.

Alleane Friend McMullan and her husband, D.K. McMullan, appeal from a judgment reforming a royalty deed in which they were the grantees and the Appellees, Bill Y. Friend and wife, Ima Jeanne Friend, were grantors. The judgment was based upon a jury verdict that the 1965 royalty deed was the result of a mutual mistake. We affirm.

Upon his death in 1951, H.J. Friend, the owner of a 5,238 acre ranch in Crockett County, left his ranch, subject to a life estate to his wife, in equal undivided shares to his son Bill, his daughters Alleane and Margaret and a granddaughter, Jacquelyn. An agreed judgment in 1962 partitioned the North One-half of the surface estate of the ranch to Bill and Alleane and the South One-half of the surface estate to Margaret and Jacquelyn. All of the minerals remained undivided between the four devisees. In 1964, Bill executed a deed conveying to Alleane:

[A]ll my right, title and interest, including all of my undivided one-fourth interest (¼) in and to all of the H.J. Friend Ranch, containing 5,238.8 acres of land in Crockett County, Texas, * * * and this conveyance covers and includes the undivided one-half interest in and to the said north part of said Ranch awarded to Bill Y. Friend under the provisions of that (agreed) judgment, together with my interest in the oil, gas and mineral leasing rights there provided on the said north part of the said Ranch, and all other rights, title and interests awarded to me, the said Bill Y. Friend, under the provisions of that judgment, including my undivided one-fourth interest there retained in and to all the minerals under all those Ranch lands * * *

The deed then reserves to Bill Friend a one-fourth non-participating royalty for a term of twenty years and as long thereafter as minerals are produced in paying quantities.

In 1965, Bill and Ima Jeanne conveyed to Alleane by a royalty deed:

"[A]ll our interest in and to all of the oil royalty, gas royalty, and royalty in casinghead gas, gasoline, and royalty in other minerals in and under, and that may be produced and mined from the following described lands situated in the County of Crockett and State of Texas, to-wit, the lands and interests in lands described in deed dated January 28, 1964, * * * and conveying the lands and premises therein described to Alleane Friend McMullan * * *."

In 1978, wells were drilled and production commenced on the South One-half of the ranch. Bill Friend was paid $31,198.15 in royalty payments. He subsequently conveyed his interest to his daughters and they were paid $2,791.46 before payments were stopped, and this suit commenced to determine what interest Bill Friend and his grantees owned after his above described conveyances.

The jury found that the parties thought that the 1965 royalty deed conveyed only one-half of the royalty interest under the North One-half of the ranch and that if the deed conveyed more interest than that, such was a result of a mutual mistake. Judgment was entered to reform the deed so that it conveyed only a one-half royalty interest in the North One-half of the ranch and no interest under the South One-half of the ranch.

■ The first point of error asserts the Appellees' cause of action was barred by the statute of limitations. A suit for reformation of a deed is governed by the four-year statute of limitations contained in Article 5529, and the time for filing suit commences to run when the mistake was, or in the exercise of reasonable diligence, should have been discovered. *Brown v. Havard*, 593 S.W.2d 939 (Tex.1980). The evidence

did not show exactly when Bill Friend knew or should have known of an error or mistake in the deed, although he was put on notice when Amoco Production Company suspended payments and wrote in March, 1980, that future payments would be made to Mrs. McMullan. Prior to that time, he and his daughters were paid for the interest they claimed to own. Whether he should have known of any error prior to suspension of payments was a fact question as to his diligence in discovering the mistake. *Brown v. Havard, supra.*

In *Sullivan v. Barnett,* 471 S.W.2d 39 (Tex.1971), the court recognized and noted numerous holdings in which the courts have reformed deeds more than four years after they were executed where the presumption of immediate knowledge is rebutted. In this case, it was rebutted by the testimony of Bill Friend and the evidence which reflected his ownership and the desire of the McMullans to purchase Friend's remaining interest. Since no issue was submitted to the jury as to when the mistake should have been discovered, the defense of limitations was waived. Rule 279, Tex.R. Civ.P.; *Metal Structures Corporation v. Plains Textiles, Inc.,* 470 S.W.2d 93 (Tex. Civ.App.—Amarillo 1971, writ ref'd n.r.e.). Point of Error No. One is overruled.

Appellants next assert the trial court erred in entering judgment for Appellees because there is no evidence that Appellants were mistaken as to the interest conveyed to them. They assert there was no mutual mistake, and if a mistake was made it was unilateral and not grounds for reformation. This contention raises a "no evidence" point. In passing on this issue, the court can consider only that evidence and the reasonable inferences which support the jury verdict. *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965). There is testimony from Mrs. McMullan that after the 1965 deed was signed her husband discussed with her purchasing more royalty interest from Bill Friend. There was testimony that D.K. McMullan, after the production on the south one-half of the ranch, told Bill Friend he would like to buy his royalty. This

testimony and the reasonable inferences are that Mr. and Mrs. McMullan did not intend to and in fact did not believe that they had acquired all of the royalty owned by Bill Friend as a result of the 1965 royalty deed. Viewed in a light most favorable to the verdict, there is some evidence of a mutual mistake. Point of Error No. Two is overruled.

Appellants further contend that the pleadings do not support a cause of action for reformation of the royalty deed by reason of a mutual mistake. The first amended petition alleges that due to an error the deed "erroneously included mineral interests other than one-half (½) of Bill Y. Friend's mineral estate under the North one-half (N/2) of the H.J. Friend Ranch. This mineral interest was mistakenly included in the deed." This pleading clearly raises an issue of mistake as to the interest conveyed. It does not limit the claim to either a unilateral or mutual mistake, and permitted Appellees to prove either one. Appellants could have limited the issue by filing a special exception, but in the absence of such exception they waived any pleading defect. Rule 90, Tex.R.Civ.P.; *Murray v. O & A Express, Inc.,* 630 S.W.2d 633 (Tex. 1982). Point of Error No. Three is overruled.

The next point asserts the trial court erred in submitting to the jury the instruction preceding Special Issue No. 1. That instruction which preceded the issues about mutual mistake said:

You are instructed in answering Issues 1, 2, 4 and 5, that great weight is to be given to the construction put upon an uncertain deed by the parties.

Appellants argue that the instruction is a comment on the weight of the evidence and an instruction that some deed is uncertain, without proof of such fact.

The general rule is that great weight should be given to the interpretation the parties place upon an uncertain instrument. *Esteve Cotton Company v. Hancock,* 539 S.W.2d 145 (Tex.Civ.App.—Amarillo 1976, writ ref'd n.r.e.). Even though the

instruction is a correct statement of the law, the rule is one designed for use by the court, and not the jury, in construing a document. *Davis v. H. Molsen & Co., Inc.,* 545 S.W.2d 889 (Tex.Civ.App.—Tyler 1976, no writ); 14 Tex.Jur.3d, Contracts, Section 205. Thus, the instruction should not have been given to the jury.

■ We have reviewed the entire record and conclude that the error is harmless. Rule 434, Tex.R.Civ.P. We cannot say that the error was calculated to cause and probably did cause the rendition of an improper judgment. Without any instruction, the jury was required to consider and evaluate the interpretation that these parties, by their acts, placed upon the 1965 Royalty Deed. The instruction is not a direct comment on the weight of the evidence because it does not indicate an opinion by the trial judge as to the verity of the facts inquired about. *Foley's Department Store v. Gardner,* 588 S.W.2d 627 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ). In any event, a charge which only incidentally makes a comment is not objectionable. Rule 277, Tex.R.Civ.P.; *Briseno v. Martin,* 561 S.W.2d 794 (Tex.1977). Point of Error No. Four is overruled.

■ The fifth point asserts error in receiving the verdict of the jury because its answers were not responsive and are unintelligible. Those particular issues and the answers made are as follows:

### SPECIAL ISSUE NO. 1

Do you find from a preponderance of the evidence that at the time of the execution of the 1965 royalty deed, Bill Y. Friend thought he was conveying only ½ of his royalty interest under the north ½ of the H.J. Friend Ranch?

ANSWER, "WE DO," OR "WE DO NOT."
ANSWER:    10                    2

### SPECIAL ISSUE NO. 2

Do you find from a preponderance of the evidence that at the time of the execution of the 1965 royalty deed, Alleane McMullan and/or D.K. McMullan thought they were purchasing only ½ of Bill Y.

Friend's royalty interest under the north ½ of the H.J. Friend Ranch?

ANSWER, "WE DO," OR "WE DO NOT."
ANSWER:    10                    2

### SPECIAL ISSUE NO. 3

Do you find from a preponderance of the evidence that if the 1965 royalty deed conveyed any more interest than the parties thought, the inclusion of such interest was the result of mutual mistake?

ANSWER, "YES," OR "NO."
ANSWER:    11                    1

\*        \*        \*        \*        \*        \*

### SPECIAL ISSUE NO. 7

Do you find from a preponderance of the evidence that Bill Y. Friend included a royalty interest other than ½ of his ¼ interest in the north ½ of the H.J. Friend Ranch in the 1965 royalty deed?

ANSWER, "YES," OR "NO."
ANSWER:    2                    10

When the clerk read the answers, those read in open court were, "[w]e do"—"[w]e do"—"[y]es" and "[n]o". The attorneys did not know until after the jury was discharged that the answers were in numbers rather than words. Rule 295, Tex.R.Civ.P., authorizes the court to have the jury correct any defects in their verdict. Here, the error was not discovered in time to correct the defect. But, even if jury findings are ambiguous or unclear, the appellate court is under a duty to try to interpret the jury findings so as to uphold the trial court's judgment. *Herrera v. Balmorhea Feeders, Inc.,* 539 S.W.2d 84 (Tex.Civ.App.—El Paso 1976, writ ref'd n.r.e.).

■ If there was any question about this verdict, the defect was cleared up when the court polled the ten jurors who signed the verdict and they agreed that the answers read out by the clerk was their verdict. Point of Error No. Five is overruled.

■ Appellants contend in Point of Error No. Six that there is no evidence that Ima Jeanne Friend, one of the grantors, was mistaken as to the bargain made with Appellants. All the evidence shows that Bill Friend inherited the interest conveyed from his father and such was his separate

property. His wife could have joined in the deed only pro forma. There was no necessity to show a mutual mistake by one who was not required to join in the conveyance and who had no interest to convey. Point of Error No. Six is overruled.

■ Appellants next allege the trial court erred in refusing to admit into evidence a letter from Amoco. Objection was made that a portion of the letter concerning ownership of the royalty was hearsay. Those portions offered to prove the truth of the matter asserted therein were in fact hearsay. *Hartford Accident and Indemnity Company v. McCardell,* 369 S.W.2d 331 (Tex.1963). The portion offered was offered for the truth of the matter stated and it was properly excluded. *Western Inn Corporation v. Heyl,* 452 S.W.2d 752 (Tex. Civ.App.—Fort Worth 1970, writ ref'd n.r. e.). Point of Error No. Seven is overruled.

■ Appellants contend in their next point that the trial court erred in submitting Special Issue No. 2 because it inquired in both the conjunctive and disjunctive (and/or) and thereby created an ambiguity with regard to the jury finding. Such contention is supported by the holding in *Parker v. Keyser,* 540 S.W.2d 827 (Tex.Civ.App. —Corpus Christi 1976, no writ). But, unlike that case, there was no objection pointing out the error in the court's charge and the objection was waived. Rule 274, Tex.R. Civ.P. Point of Error No. Eight is overruled.

The last point states the trial court erred in failing to render judgment for Appellants on their counterclaim against Appellees. They argue that they should have recovered the amounts paid by Amoco to Bill Friend and his daughters. Having concluded that Appellees were entitled to reformation, they were entitled to retain the payments made to them. Point of Error No. Nine is overruled.

The judgment of the trial court is affirmed.