NO. 12-01-00345-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


HENRY WRIGHT, SR.,
§
 APPEAL FROM THE 294TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


HENRY WRIGHT, JR.,

APPELLEE
§
 VAN ZANDT COUNTY, TEXAS

 

 Henry Wright, Sr. ("Appellant") appeals the trial court's order granting a no-evidence motion
for summary judgment in favor of Henry Wright, Jr. ("Appellee"). Appellant raises one issue on
appeal. We affirm.


Background

 Appellee is Appellant's son. The present lawsuit arises from a dispute between Appellant
and Appellee concerning their respective ownership rights in certain real property (the "property"). 
On May 13, 1993, Crystal R. McBride conveyed the property by deed to Appellant. That same day,
Appellant filed the deed in the real property records of Van Zandt County, Texas. On June 14, 1993,
the parties agreed that Appellee would purchase the property from Appellant for $25,000.00. 
Subsequently, a dispute arose between the parties relating to the sale, and Appellant filed the instant
suit on December 19, 1997, to determine the ownership interests of the parties in the property. 
During the course of the suit, Appellee's attorney forwarded a copy of a deed to the property to
Appellant. This deed was identical to Appellant's deed to the property, but contained the suffix
abbreviation "Jr." following the name of the grantee. Appellant amended his petition twice. In his
second amended petition, Appellant allegeds that Appellee committed fraud as follows:

 After Crystal R. McBride executed and delivered to Plaintiff the Deed sued on in this cause, on a
subsequent unknown date, Defendant, without the knowledge or consent of the Plaintiff, obtained the
original Deed and fraudulently and materially altered and defaced the Deed to reflect the Defendant
as grantee with the fraudulent intent of defrauding the Plaintiff of the real property described therein.



Appellee filed a no-evidence motion for summary judgment on June 6, 2000, contending that
Appellant could present no evidence to support any element of his fraud claim against Appellee. 
Appellant filed a response. On August 10, 2001, the trial court granted Appellee's no-evidence
motion for summary judgment and this appeal followed.


No-evidence Motion for Summary Judgment

 In his sole issue, Appellant contends that he submitted sufficient evidence to require the trial
court to overrule Appellee's no-evidence motion for summary judgment. After adequate time for
discovery, a party, without presenting summary judgment evidence, may move for summary
judgment on the ground that there is no evidence of one or more essential elements of a claim or
defense on which an adverse party would have the burden of proof at trial. Tex. R. Civ. P. 166a(i). 
The motion must state the elements as to which there is no evidence. Id.  The court must grant the
motion unless the respondent produces summary judgment evidence raising a genuine issue of
material fact. Id. The movant need not produce any proof in support of its no-evidence claim. See
id.; see also, Judge David Hittner and Lynne Liberato, Summary Judgments in Texas, 34 Hous. L.
Rev. 1303, 1356 (1998). The motion must be specific in alleging a lack of evidence on an essential
element of a cause of action, but need not specifically attack the evidentiary components that may
prove an element of the cause of action. See Denton v. Big Spring Hosp. Corp., 998 S.W.2d 294,
298 (Tex. App.-Eastland 1999, no pet.). Once a no-evidence motion has been filed in accordance
with rule 166a(i), the burden shifts to the non-movant to bring forth evidence that raises a fact issue
on the challenged evidence. See Macias v. Fiesta Mart, Inc., 988 S.W.2d 316, 316-17 (Tex.
App.-Houston [14th Dist.] 1999, no pet.). 

 A no-evidence motion is properly granted if the non-movant fails to bring forth more than
a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element
of the non-movant's claim on which the non-movant would have the burden of proof at trial. See
Merrell Dow Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706, 711 (Tex.1997). If the evidence
rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions, then
more than a scintilla of evidence exists. See Havner, 953 S.W.2d at 711. Less than a scintilla of
evidence exists when the evidence is so weak as to do no more than create a mere surmise or
suspicion of a fact, and the legal effect is that there is no evidence. See Kindred v. Con/Chem, Inc.,
650 S.W.2d 61, 63 (Tex.1983).

 On appeal, we will uphold a no-evidence summary judgment only if the summary judgment
record reveals no evidence of the challenged element, i.e., (a) a complete absence of evidence as to
the challenged element; (b) the evidence offered to prove the challenged element is no more than a
mere scintilla; (c) the evidence establishes conclusively the opposite of the challenged element; or
(d) the court is barred by rules of law or of evidence from giving weight to the only evidence offered
to prove the challenged element. See Taylor-Made Hose, Inc. v. Wilkerson, 21 S.W.3d 484, 488
(Tex. App.-San Antonio 2000, pet. denied), (citing Robert W. Calvert, "No Evidence" and
"Insufficient Evidence" Points of Error, 38 Tex. L. Rev. 361, 362-63 (1960)). 

 In the case at hand, Appellant argues in his brief that he provided more than a scintilla of
evidence to support each element of his fraud claim. However, in order to determine the precise
nature of Appellant's fraud claim, we must consider the factual allegations in Appellant's second
amended petition. See Murray v. O&A Express, Inc., 630 S.W.2d 633, 636 (Tex. 1982) (a
plaintiff's petition defines the issues in the lawsuit). In his petition Appellant alleges that
"Defendant, without the knowledge or consent of the Plaintiff, obtained the original Deed and
fraudulently and materially altered and defaced the Deed to reflect the Defendant as grantee with the
fraudulent intent of defrauding the Plaintiff of the real property described therein." These allegations
set forth the only facts for which Appellant was required to produce a scintilla of evidentiary support
in his response to Appellee's no-evidence motion. (1)

 In his response to Appellee's no-evidence motion, Appellant claims that Appellee made a
material misrepresentation to Appellant that Appellee would pay $25,000.00 to Appellant in
exchange for the property, and that Appellee intended for Appellant to allow Appellee possession
of the property in exchange for Appellee's false promise to pay. Appellant provides a bill of sale for
the property and points to his deposition testimony that he has not received any payments pursuant
to the agreement. Appellant cites to further excerpts from his deposition testimony supporting that
he does not remember requesting that the deed be changed to reflect Appellee's name, but if he did
make such a request, the request was the result of Appellee's misrepresentation that he would make
payment pursuant to the agreement. The evidence set forth in Appellant's response to Appellee's
no-evidence motion does not support Appellant's factual allegations in his second amended petition
that Appellee fraudulently and materially altered and defaced the deed. 

 The only evidence cited by Appellant in his response that even relates to this allegation of
material misrepresentation is his testimony that he does not remember requesting that the deed be
changed, but if he did make such a request, it was a result of a fraudulent promise to pay in
accordance with the parties' agreement. Facts constituting a fraudulent promise to pay on Appellee's
part were not set forth in Appellant's pleadings and are, therefore, not part of Appellant's fraud claim
for which he must produce evidence pursuant to rule 166a(i). See Murray, 630 S.W.2d at 636. We
conclude that the evidence produced by Appellant in response to Appellee's no-evidence motion
does not rise to a level that would enable reasonable, fair-minded persons to differ in their
conclusions with regard to the issue of whether Appellee made a material misrepresentation in the
manner alleged by Appellant in his pleadings. Accordingly, we hold that the trial court properly
granted Appellee's no-evidence motion for summary judgment. Appellant's sole issue is overruled
and the trial court's order granting Appellee's no-evidence motion for summary judgment is
affirmed.


 SAM GRIFFITH 

 Justice


Opinion delivered May 31, 2002.

Panel consisted of Worthen, J., and Griffith, J.



(DO NOT PUBLISH)
1. See, e.g., Sears, Roebuck & Co. v. Meadows, 877 S.W.2d 281, 282 (Tex. 1994) (In general, fraud
consists of: (1) a material representation, (2) which was false, (3) which was either known to be false when made or
was asserted without knowledge of its truth, (4) which was made with the intent that it be acted upon by the other
party, (5) which was acted upon by the party in reliance on the representation, and (6) which caused injury to the
party.).