NO. 07-03-0350-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 10, 2005

_____

RICHARD LOUGHRIDGE, APPELLANT

V.

GEORGE BISHOP, APPELLEE

_____

FROM THE 284TH DISTRICT COURT OF MONTGOMERY COUNTY;

NO. 01-06-03859-CV; HONORABLE JOHN DELANEY, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Presenting only one issue, Richard Loughridge challenges a judgment rendered after a jury trial that George Bishop do have and recover attorney's fees in the amount of $125,520[1] from Loughridge. By his issue, Loughridge contends the trial court erred by

_____

[1]Plus additional fees upon appeal.

awarding judgment against him for Bishop's attorney's fees. We reverse and render in part and affirm in part.

Because Loughridge does not present an issue questioning the sufficiency of the evidence to support the judgment, we limit our review of the evidence and proceedings in the trial court to those matters material to our consideration of the issue and decision. On March 6, 1996, Oscar and Juanita Locke leased the subject real estate to Loughridge for a term commencing December 1, 1995, continuing until November 20, 2000. The written lease also granted Loughridge a right of first refusal to purchase the premises if the lessors decided to sell the property. After the lessors sold the property to Walter Jolley and the trustee conveyed the property to Bishop on September 5, 1997, Loughridge sought to enforce his right of first refusal. Loughridge brought this action against the original lessors and Bishop seeking damages against Bishop for the alleged intentional interference with his contractual right to purchase the property. By his counterclaim, Bishop sought to recover damages for Loughridge's wrongful occupation of the premises after termination of the lease as a holdover tenant. Also, Bishop sought attorney's fees expressly pleading section 38.001 of the Texas Civil Practice and Remedies Code.

Before the charge was prepared and submitted to the jury, the parties agreed to waive a jury trial as to the award of attorney's fees and agreed that the amount thereof and the entitlement thereto would be determined by the trial judge. The jury returned answers unfavorable to Loughridge on his claims against the lessors and Bishop. Although the jury

2

found that Loughridge failed to comply with the lease agreement, by its answer to question seven, it found Bishop suffered no actual economic damages as a result of Loughridge's failure to comply with the lease agreement.[2] After considering post-trial motions, the trial court then rendered judgment that neither party recover any damages against the other party but that Bishop should recover his attorney's fees of $125,520 through the trial court and fees for appeals and ordered that Loughridge immediately vacate the property.

By his first issue, Loughridge contends the trial court erred in awarding Bishop attorney's fees. We agree. Because Bishop's claim to an award of attorney's fees is based on section 38.001 of the Code and Loughridge does not challenge the reasonableness or amount of the fees awarded, the availability of attorney's fees is a question of law. Holland v. Wal-Mart Stores, Inc., 1 S.W.3d 91, 94 (Tex. 1999). Accordingly, we need not give any particular deference to the legal conclusion of the trial court and will apply a *de novo* standard of review. *See* Eller Media Co. v. City of Houston, 101 S.W.3d 668, 674 (Tex. App.--Houston [1st Dist.] 2003, no pet.).

---

[2] Question No. 7.
What sum of money, if any, if paid now in cash, would fairly and reasonably compensate George Bishop for his damages, if any, that resulted from Richard Loughridge's failure to comply with the Lease Agreement?
Consider the following elements of damages, if any, and none other.
The difference between the amount paid and the amount agreed to be paid under the Lease Agreement.
Do not add any amount for interest on damages, if any.
Answer in dollars and cents for damages, if any.
Answer: $   0

As material here, section 38.001 of the Code provides:

A person may recover reasonable attorney's fees from an individual or corporation, in addition to the *amount* of a valid claim and costs, if the claim is for:

(8) an oral or written contract.

(Vernon 1997) (Emphasis added).

In Green Intern., Inc. v. Solis, 951 S.W.2d 384, 390 (Tex. 1997), the Court held that entitlement to an award of attorney's fees under section 38.001 is conditioned upon the party's (1) successful prosecution of a cause of action for which attorney's fees are recoverable and (2) an award of damages. The Court concluded its discussion of the attorney's fees question by expressly stating "[b]ecause Green failed to recover damages on its breach of contract claim, Green was not entitled to recover attorney's fees under Section 38.001." *Id.;* State Farm Life Ins. Co. v. Beaston, 907 S.W.2d 430, 437 (Tex. 1995). Here, based on the jury finding that Bishop did not sustain any economic damages, the trial court did not make any award of damages to him.

We have not overlooked Bishop's argument presented by his response to Loughridge's post-trial motion for judgment, whereby he contended that similar to an action for forcible entry and detainer or trial to the right of possession of property, he was entitled to an order of immediate possession. Citing Butler v. Arrow Mirror & Glass, Inc., 51 S.W.3d 787 (Tex.App.--Houston [1st Dist.] 2001, no pet.), Bishop argues here that the order that Loughridge immediately surrender possession of the property was sufficient under section

4

38.001 to support an award of attorney's fees. Even if the relief ordered would authorize an award of attorney's fees under section 38.001, a question we do not decide, because Bishop did not seek a writ of possession or forcible entry and detainer by his pleadings, the question was not raised by the trial court pleadings for determination. *See* Murray v. O & A Express, Inc., 630 S.W.2d 633, 636-37 (Tex. 1982); Cunningham v. Parkdale Bank, 660 S.W.2d 810, 813 (Tex. 1983). *See also* Tex. R. Civ. P. 301. Loughridge's sole issue is sustained.

Accordingly, that part of the judgment awarding Bishop attorney's fees is reversed and judgment is hereby rendered that Bishop take nothing on the award of attorney's fees; in all other respects, the judgment is affirmed.

Per Curiam

Johnson, C.J., not participating.