NO. 07-03-0350-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 10, 2005



______________________________




RICHARD LOUGHRIDGE, APPELLANT



V.



GEORGE BISHOP, APPELLEE




_________________________________



FROM THE 284TH DISTRICT COURT OF MONTGOMERY COUNTY;



NO. 01-06-03859-CV; HONORABLE JOHN DELANEY, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Presenting only one issue, Richard Loughridge challenges a judgment rendered
after a jury trial that George Bishop do have and recover attorney's fees in the amount of
$125,520 (1) from Loughridge. By his issue, Loughridge contends the trial court erred by
awarding judgment against him for Bishop's attorney's fees. We reverse and render in part
and affirm in part.

 Because Loughridge does not present an issue questioning the sufficiency of the
evidence to support the judgment, we limit our review of the evidence and proceedings in
the trial court to those matters material to our consideration of the issue and decision. On
March 6, 1996, Oscar and Juanita Locke leased the subject real estate to Loughridge for
a term commencing December 1, 1995, continuing until November 20, 2000. The written
lease also granted Loughridge a right of first refusal to purchase the premises if the lessors
decided to sell the property. After the lessors sold the property to Walter Jolley and the
trustee conveyed the property to Bishop on September 5, 1997, Loughridge sought to
enforce his right of first refusal. Loughridge brought this action against the original lessors
and Bishop seeking damages against Bishop for the alleged intentional interference with
his contractual right to purchase the property. By his counterclaim, Bishop sought to
recover damages for Loughridge's wrongful occupation of the premises after termination
of the lease as a holdover tenant. Also, Bishop sought attorney's fees expressly pleading
section 38.001 of the Texas Civil Practice and Remedies Code. 

 Before the charge was prepared and submitted to the jury, the parties agreed to
waive a jury trial as to the award of attorney's fees and agreed that the amount thereof and
the entitlement thereto would be determined by the trial judge. The jury returned answers
unfavorable to Loughridge on his claims against the lessors and Bishop. Although the jury
found that Loughridge failed to comply with the lease agreement, by its answer to question
seven, it found Bishop suffered no actual economic damages as a result of Loughridge's
failure to comply with the lease agreement. (2) After considering post-trial motions, the trial
court then rendered judgment that neither party recover any damages against the other
party but that Bishop should recover his attorney's fees of $125,520 through the trial court
and fees for appeals and ordered that Loughridge immediately vacate the property. 

 By his first issue, Loughridge contends the trial court erred in awarding Bishop
attorney's fees. We agree. Because Bishop's claim to an award of attorney's fees is based
on section 38.001 of the Code and Loughridge does not challenge the reasonableness or
amount of the fees awarded, the availability of attorney's fees is a question of law. Holland
v. Wal-Mart Stores, Inc., 1 S.W.3d 91, 94 (Tex. 1999). Accordingly, we need not give any
particular deference to the legal conclusion of the trial court and will apply a de novo
standard of review. See Eller Media Co. v. City of Houston, 101 S.W.3d 668, 674 (Tex.
App.--Houston [1st Dist.] 2003, no pet.).

 As material here, section 38.001 of the Code provides:

 A person may recover reasonable attorney's fees from an individual or
corporation, in addition to the amount of a valid claim and costs, if the claim
is for:

 (8) an oral or written contract.


(Vernon 1997) (Emphasis added).


 In Green Intern., Inc. v. Solis, 951 S.W.2d 384, 390 (Tex. 1997), the Court held that 
entitlement to an award of attorney's fees under section 38.001 is conditioned upon the
party's (1) successful prosecution of a cause of action for which attorney's fees are
recoverable and (2) an award of damages. The Court concluded its discussion of the
attorney's fees question by expressly stating "[b]ecause Green failed to recover damages
on its breach of contract claim, Green was not entitled to recover attorney's fees under
Section 38.001." Id.; State Farm Life Ins. Co. v. Beaston, 907 S.W.2d 430, 437 (Tex.
1995). Here, based on the jury finding that Bishop did not sustain any economic damages,
the trial court did not make any award of damages to him. 

 We have not overlooked Bishop's argument presented by his response to
Loughridge's post-trial motion for judgment, whereby he contended that similar to an action
for forcible entry and detainer or trial to the right of possession of property, he was entitled
to an order of immediate possession. Citing Butler v. Arrow Mirror & Glass, Inc., 51 S.W.3d
787 (Tex.App.--Houston [1st Dist.] 2001, no pet.), Bishop argues here that the order that
Loughridge immediately surrender possession of the property was sufficient under section
38.001 to support an award of attorney's fees. Even if the relief ordered would authorize
an award of attorney's fees under section 38.001, a question we do not decide, because
Bishop did not seek a writ of possession or forcible entry and detainer by his pleadings, the
question was not raised by the trial court pleadings for determination. See Murray v. O &
A Express, Inc., 630 S.W.2d 633, 636-37 (Tex. 1982); Cunningham v. Parkdale Bank, 660
S.W.2d 810, 813 (Tex. 1983). See also Tex. R. Civ. P. 301. Loughridge's sole issue is
sustained.

 Accordingly, that part of the judgment awarding Bishop attorney's fees is reversed
and judgment is hereby rendered that Bishop take nothing on the award of attorney's fees;
in all other respects, the judgment is affirmed.


 Per Curiam

Johnson, C.J., not participating.
1. Plus additional fees upon appeal.
2. Question No. 7.

 What sum of money, if any, if paid now in cash, would fairly and reasonably compensate George
Bishop for his damages, if any, that resulted from Richard Loughridge's failure to comply with the Lease
Agreement? 

 Consider the following elements of damages, if any, and none other.

 The difference between the amount paid and the amount agreed to be paid under the Lease
Agreement.

 Do not add any amount for interest on damages, if any.

 Answer in dollars and cents for damages, if any.

 Answer: $ 0 


 



d="false" Priority="68" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Grid 2 Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-00159-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 

 MARCH 1, 2010



 



 

KELVIN D. GREEN, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 364TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2008-420,856; HONORABLE BRADLEY S. UNDERWOOD, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

Pending
before the Court is appellants motion to dismiss his appeal.  Appellant and his attorney both have signed
the motion.  Tex. R.
App. P. 42.2(a).  No decision of
this Court having been delivered to date, we grant the motion.  Accordingly, the appeal is dismissed.  No motion for rehearing will be entertained
and our mandate will issue forthwith.

                                                                                                James
T. Campbell                                                                                                                                  Justice

Do not publish.