# CONCURRING OPINION

No. 04-07-00091-CV

Gregory **KINNEY** and Marsha Kinney,
Appellants

v.

Floyd Ross **PALMER**, Individually and d/b/a Renaissance Homes,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2003-CI-09279
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:          Karen Angelini, Justice
Concurring Opinion by:     Rebecca Simmons, Justice

Sitting:     Catherine Stone, Justice
             Karen Angelini, Justice
             Rebecca Simmons, Justice

Delivered and Filed:  June 25, 2008

I concur in the judgment of the court.  I write this concurrence, however, to address the unreasonableness of retaining claims, that have been dismissed pursuant to a summary judgment, in amended pleadings solely to avoid waiver under Texas Rule of Civil Procedure 65.

The court's holding that the Kinneys waived any error regarding the partial summary judgment granted on the DTPA and breach of warranty claims by deleting these claims in their amended pleading is supported by ample authority.  I write merely to point out the tension that exists between the court's interpretation of Rule 65 and Rule 278 of the Texas Rules of Civil Procedure.  TEX. R. CIV. P. 65, 278.

The Kinneys' case was disposed of through two partial summary judgments.  The partial summary judgment, dated August 8, 2005, dismissed the Kinneys' breach of warranty and DTPA

claims with prejudice (the "partial summary judgment").  Thereafter, the Kinneys amended their pleadings to delete those claims.  The final summary judgment, dated November 14, 2006, disposed of the Kinneys' remaining negligence cause of action.  It is the amendment following the trial court's dismissal with prejudice of the breach of warranty and DTPA claims that the majority holds constitutes waiver of those claims.

The partial summary judgment was interlocutory pending final resolution of the remaining claims.  However, the Kinneys clearly disputed the granting thereof, and filed a motion to reconsider to express their dissatisfaction.  Absent any other actions, they had preserved their right to appeal the summary judgment.  *See* TEX. R. APP. P. 33.1.  As interpreted, Rule 65 would require the Kinneys to retain their dismissed claims in their amended pleading to avoid the abandonment of those claims. Yet, the retention of dismissed claims in a pleading appears inconsistent with Rule 278 of the Texas Rules of Civil Procedure.

The plaintiff's petition defines the issues for trial.  *Murray v. O & A Express, Inc.,* 630 S.W.2d 633, 636 (Tex. 1982).  The live pleadings form the framework for the evidence and the issues to be submitted to the jury or judge.  Texas Rule of Civil Procedure 278 requires trial courts to submit requested questions to the jury if the pleadings and any evidence support them.[1] *Elbaor v. Smith*, 845 S.W.2d 240, 243 (Tex. 1992).  A trial court must submit in its charge to the jury all questions, instructions, and definitions raised by the pleadings and the evidence. *Hyundai Motor Co. v. Rodriguez*, 995 S.W.2d 661, 663 (Tex. 1999).   For the plaintiff, failure to adduce evidence on claims contained in the live pleadings at trial results in a waiver of those claims*.  Duncan v. Cessna Aircraft Co.* 665 S.W.2d 414, 433 (Tex. 1984) (error granting special exception on claim waived when the claim was not removed before trial and no evidence

---

[1] Rule 278 provides in part: "The court shall submit the questions, instructions and definitions . . . which are raised by the written pleadings and the evidence."  TEX. R. CIV. P. 278.

submitted at trial to support claim). The broad principle announced in *Duncan* appears inconsistent with the requirement to retain dismissed claims in a pleading. In fact, under *Duncan*, had the Kinneys retained the dismissed claims in their pleading and failed to adduce evidence on those claims at trial, they would have waived the claims. *Id.* The result would have been the same as amending their pleading.

A notable exception to the superseding effect of an amended pleading applies to pleadings stricken through special exceptions.[2] The subject matter of summary judgments and special exceptions may at times be the same – the failure to plead a legal claim. Yet the result of amending a pleading, after the court dismisses the meritless claim, can be different depending on the procedure used. If the dismissal is the result of a special exception, and includes an order to strike the claim from the pleading, then inclusion of the claim in subsequent amendments is not necessary to preserve the claim. *Melendez v. Exxon Corp.*, 998 S.W.2d 266, 272 (Tex. App.— Houston [14th Dist.] 1999, no pet.). If the dismissal of the claim is the result of a summary judgment, the retention of the dismissed claim in subsequent amendments is required. The only apparent distinction between the two interlocutory dismissals is that the court ordered the dismissed claim stricken from the pleading in the special exception example.

The majority's opinion notes that the parties did not argue that their dismissed claims were preserved pursuant to an exception to the superseding nature of an amended pleading. Rule 65 provides that the substituted instrument is not set aside if: "some error of the court in deciding upon the necessity of the amendment, or otherwise in superseding it, be complained of, and exception be taken to the action of the court . . . ." TEX. R. CIV. P. 65. Perhaps a pragmatic

---

[2] Rule 65 provides in part: "Unless the substituted instrument shall be set aside on exceptions, the instrument for which it is substituted shall no longer be regarded as a part of the pleading in the record of the cause . . . ." TEX. R. CIV. P. 65

construction of this exception to the superseding effect of Rule 65 should be adopted that would eliminate the need to retain dismissed claims in live pleadings.

Retaining dismissed claims in pleadings presents problems for both parties at trial, and the case law surrounding the issue is confusing. The majority has correctly articulated the current state of the law. I merely point out the problems inherent in the current practice. Accordingly, I join in the judgment only.


Rebecca Simmons, Justice