ACCEPTED
04-14-00922-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
7/17/2015 10:49:31 AM
KEITH HOTTLE
CLERK

No. 04-14-00922-CV

In the Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio, Texas

_____

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
07/17/15 10:49:31 AM
KEITH E. HOTTLE
Clerk

**JOHN E. RODARTE**
*Appellant,*

v.

**TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES,
TEXAS CHILD PROTECTIVE SERVICES**
*Appellee.*

_____

From the 57TH Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-12625
Honorable Antonia Arteaga, Judge Presiding

**APPELLEE'S BRIEF**
_____

**REQUEST FOR ORAL ARGUMENT**

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil
Litigation

ANGELA V. COLMENERO
Chief, General Litigation Division

JASON CONTRERAS
Texas Bar No. 24032093
Assistant Attorney General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 (FAX)
Email:
Jason.Contreras@texasattorneygeneral.gov

**COUNSEL FOR APPELLEE**

# IDENTITIES OF PARTIES AND COUNSEL

Pursuant to Rule 38.1(a) of the Texas Rules of Appellate Procedure, Appellee herein provides this Court with the following list of parties and the names and addresses of all trial and appellee counsel:

*Appellant:*
John E. Rodarte, Sr.

*Appellee:*
Texas Department of Family and Protective Services; Texas Child Protective Services[1]

*Trial and Appellate Counsel:*
John E. Rodarte, Sr., *Pro Se*
TDCJ # 1263270
Clements Unit
9601 Spur 591
Amarillo, Texas 79107-9606

*Trial and Appellate Counsel:*
Jason T. Contreras
Assistant Attorney General
State Bar No. 24032093
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
Phone: 512-463-2120
Fax: 512-320-0667

---

[1] Plaintiff incorrectly named Defendant-Appellee as the "Child Protective and Regulatory Services." CR 1. It was previously named the Texas Department of Protective and Regulatory Services, and is currently named the Texas Department of Family and Protective Services. A reference in law to the Department of Protective and Regulatory Services means the Department of Family and Protective Services. Act of June 1, 2003, 78th Leg., R.S., § 1.27, 2003 Tex. Gen. Laws 611, 641.

# TABLE OF CONTENTS

IDENTITIES OF PARTIES AND COUNSEL ........................................................ II

TABLE OF CONTENTS ................................................................................. III

APPENDIX .................................................................................................. IV

INDEX OF AUTHORITIES ............................................................................ V

STATEMENT OF THE CASE ......................................................................... VII

STATEMENT REGARDING ORAL ARGUMENT .......................................... VIII

ISSUES PRESENTED ................................................................................... IX

STATEMENT OF THE FACTS ....................................................................... 1

SUMMARY OF ARGUMENT ........................................................................ 3

ARGUMENT ................................................................................................ 4

    A.    Appellant Obtained All Of The Relief Sought In His Lawsuit And His Tort Claims Against DFPS Are Barred By Sovereign Immunity ........................................................................................... 4

    B.    The Discovery Rule Does Not Apply And Cannot Serve As A Basis To Permit Appellant To Proceed With Any Tort Claims Against Appellee ..................................................................................... 7

    C.    No Due Process Rights Attach To The Denial of Production Of The 1995 Investigation File ................................................................. 8

PRAYER ..................................................................................................... 9

CERTIFICATE OF COMPLIANCE ................................................................ 10

CERTIFICATE OF SERVICE ........................................................................ 11

# APPENDIX

CR 1–4, Original Petition for Lawsuit........................................................TAB A

CR 11–19, Defendant's Plea to the Jurisdiction.........................................TAB B

CR 29, Order Granting Defendant's Plea to the Jurisdiction .....................TAB C

CR 86–94, Memorandum Opinion .............................................................TAB D

CR 82–98, Defendant's Motion to Dismiss................................................TAB E

CR 99, Order Granting Defendant's Motion to Dismiss ............................ TAB F

# INDEX OF AUTHORITIES

**Cases**

*Barker v. Eckman*,
  213 S.W.3d 306 (Tex.2006)..................................................................................7

*Byers v. Patterson*,
  219 S.W.3d 514 (Tex.App.-Tyler 2007, no pet.)................................................8, 9

*City of Dallas v. Carbajal*,
  324 S.W.3d 537 (Tex.2010) (per curiam)............................................................6

*County of Cameron v. Brown*,
  80 S.W.3d 549 (Tex.2002).................................................................................4

*Darr Equipment Co. v. Allen*,
  824 S.W.2d 710 (Tex.App.-Amarillo 1992, writ denied)....................................7

*Gray v. City of Galveston*,
  No. 14–03–00298–CV, 2003 WL 22908145 (Tex.App.—Houston [14th Dist.]
  Dec. 11, 2003, pet. denied) ...............................................................................6

*HECI Exploration Co. v. Neel*,
  982 S.W.2d 881 (Tex.1998)................................................................................7

*Mansfield State Bank v. Cohn*,
  573 S.W.2d 181 (Tex. 1978)...............................................................................6

*Murray v. O&A Express, Inc.*,
  630 S.W.2d 633 (Tex. 1982)...............................................................................4

*Tara Partners, Ltd. v. City of S. Houston*,
  282 S.W.3d 564 (Tex.App.-Houston [14th Dist.] 2009, pet. denied)...................6

*Tex. A & M Univ. Sys. v. Koseoglu*,
  233 S.W.3d 835....................................................................................................6

*Tex. Dep't of Parks & Wildlife v. Miranda*,
  133 S.W.3d 217 (Tex.2004)................................................................................4

*Tex. Dep't of Pub. Safety v. Petta*,
  44 S.W.3d 575 (Tex.2001)..................................................................................5

*Univ. of N. Tex. v. Harvey*,
    124 S.W.3d at 216 (Tex.App.-Fort Worth 2003, pet. denied)...............................4

*Univ. of Tex. Med. Branch at Galveston v. York*,
    871 S.W.2d 175 (Tex.1994)...................................................................................5

*University of Tex. Med. Sch. at Houston v. Than*,
    901 S.W.2d 926 (Tex.1995)..................................................................................8

**Statutes**

TEX. CIV. PRAC. & REM. CODE § 16.003(a) ..................................................................8

TEX. CIV. PRAC. & REM. CODE ANN. Ch.101 ............................................................5

TEX. GOVT. CODE § 552.028(a) ..................................................................................2

TEX. GOVT. CODE Ch. 553 ..........................................................................................1

**Other Authorities**

Act of June 1, 2003,
    78th Leg., R.S., § 1.27, 2003 Tex. Gen. Laws 611, 641........................................ ii

**Rules**

TEX. R. CIV.PRO. 22 ....................................................................................................4

TEX. R. CIV.PRO. 45(b), 47(a) ...................................................................................4

TEX.R.APP. P. 33.1(a) .................................................................................................6

## STATEMENT OF THE CASE

Nature of the Case: This case involves an open records request by Appellant, an incarcerated individual. On July 22, 2010, Appellant filed a lawsuit in order to obtain a copy of a 1995 CPS Investigation file regarding child sexual abuse of his minor sons for which he was the alleged perpetrator and upon which he was subsequently imprisoned and is now serving a life sentence. CR1–4 (TAB A).

Trial Court: The Honorable Antonia Arteaga

Trial Court Disposition: Appellee filed a plea to the jurisdiction and motion to dismiss on September 24, 2010. CR 11–19 (TAB B). Appellee's plea and motion was granted thereby dismissing Appellant's claims. CR 29 (TAB C). Appellant appealed on October 27, 2010 and after the parties submitted their respective briefing, the Fourth Court of Appeals affirmed in part and remanded in part. CR 86-94 (TAB D). On remand, and consistent with the ruling of the Fourth Court of Appeals, the trial courted ordered Appellee to produce to Appellant the 1995 investigation file. Accordingly, Appellant received a copy of the investigation file. Since there was nothing further to litigate and his tort claims were also dismissed, Appellee filed a motion to dismiss on November 19, 2014, which was granted on December 5, 2014. CR 82–98 (TAB E); CR 99 (TAB F). This appeal followed.

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not likely to alter the outcome or to be a useful expenditure of scarce judicial resources. The legal principles relevant to this appeal are neither novel nor complex and the facts are straightforward. Accordingly, Appellee does not believe that oral argument is necessary. However, if the Court determines that oral argument is necessary in this case, Appellee respectfully requests to participate.

# ISSUES PRESENTED

The sole issue in this appeal is whether the trial court erred in dismissing this case after Appellant had obtained all of the relief sought in the lawsuit, the production of the 1995 investigation file, and had properly dismissed his tort claims.

No. 04-14-00922-CV

In the Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio, Texas
_____

**JOHN E. RODARTE**
*Appellant,*

v.

**TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES,
TEXAS CHILD PROTECTIVE SERVICES**
*Appellee.*
_____

From the 57TH Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-12625
Honorable Antonia Arteaga, Judge Presiding

**APPELLEE'S BRIEF**
_____

TO THE HONORABLE COURT OF APPEALS:

Appellee, the Texas Department of Family and Protective Services (DFPS),

files this Brief. In support thereof, Appellee DFPS respectfully presents the

following to the Court for consideration:

**STATEMENT OF THE FACTS**

This case involves a request for the production of documents by an

incarcerated inmate pursuant to the Texas Public Information Act. Appellant

Rodarte is currently serving concurrent life sentences and twenty years

imprisonment after being convicted of aggravated sexual assault of, and indecency, with his two minor children. CR 1–4; Supp CR 2-18. He is currently imprisoned in the Bill Clements Unit of the Texas Department of Criminal Justice. CR 3.

On July 22, 2010, Appellant filed suit in order to obtain a copy of the 1995 investigation conducted by Appellee of child sexual abuse of his sons whereby he was the alleged abuser, claiming that the investigation file was needed "for further litigation in other cases." CR 1–4. His petition also alleged a tort claim against Appellee. *Id*. However, the only relief sought by Appellant was to obtain a copy of the 1995 investigation file. *Id*.

On September 24, 2010, Appellee filed a Plea to the Jurisdiction and Motion to Dismiss with the trial court arguing that 1) Appellant's tort claims were barred by sovereign immunity, and 2) that under the Act, DFPS has discretionary authority to deny or comply with a request for documents by an incarcerated inmate pursuant to TEX. GOVT. CODE ANN. § 552.028(a) (West 2003) (a governmental body is not required to accept or comply with a request for information from incarcerated individuals). CR 11-19. The plea and motion were granted on October 11, 2010, thereby dismissing the case with prejudice and without production of the 1995 investigation file. CR 29.

Appellant subsequently filed an appeal before the Fourth Court of Appeals. CR 35-41. On appeal after the parties submitted their respective briefing, the Fourth

Court affirmed in part and reversed and remanded in part. CR 86-93. On remand, consistent with the ruling by the Fourth Court, the trial court ordered Appellee to produce the 1995 investigation file to Appellant. CR 94-95. In accordance with the trial court's Order, Appellee produced the file in October 2012. CR 96-97. Appellant did not challenge the dismissal of his tort claims against DFPS and the trial court's order dismissing his tort claims was affirmed. CR 92.

Since Appellant received all the relief he sought in his suit (i.e., the 1995 investigation file in issue) and his tort claims had been dismissed, Appellee filed a motion to dismiss on November 19, 2014, and the motion was granted on December 5, 2014. CR 82–98; CR 99. This appeal followed. CR 106.

## SUMMARY OF ARGUMENT

This Court should affirm the trial court's December 5, 2014 Order of Dismissal since Appellant's claims against DFPS have been litigated and he has received all of the relief he sought namely, production of the 1995 investigation file. Further, Appellant's tort claims against DFPS were dismissed for lack of subject matter jurisdiction because there is no waiver of sovereign immunity that would permit such claims to proceed. Finally, no due process rights attach to the denial of production of the investigation file. For these reasons, the trial court's dismissal of the case should be affirmed.

3

## ARGUMENT

### A. Appellant Obtained All Of The Relief Sought In His Lawsuit And His Tort Claims Against DFPS Are Barred By Sovereign Immunity

This Court should affirm the trial court's dismissal of this case because Appellant received all of his requested relief and his remaining claims are bared. The plaintiff initially decides who the parties are and what claims to assert. See TEX. R. CIV. P. 22. The plaintiff's petition defines the issues for trial. *Murray v. O&A Express, Inc.*, 630 S.W.2d 633, 636 (Tex. 1982). The pleadings must give a short statement of the cause of action sufficient to give the defendant fair and adequate notice of the claim involved. TEX. R. CIV. P. 45(b), 47(a).

Appellant's suit only sought production of the 1995 investigation file. CR 1-4. He did not request any other relief. CR 1-4. It is without dispute that he obtained the file. CR 96-97. Moreover, after receiving the file and prior to the dismissal of his suit, Appellant never amended his petition to add any further causes of action or to seek any additional forms of relief against DFPS.

Additionally, Appellant failed to plead facts supporting a viable tort claim under the Texas Tort Claims Act (TTCA). CR 1-4. A plaintiff must plead facts sufficient to invoke a waiver of sovereign immunity under the TTCA. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002); *Univ. of N. Tex. v. Harvey*, 124 S.W.3d at 216, 222 (Tex.App.-Fort Worth 2003, pet. denied); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004). The TTCA provides a very

limited waiver of sovereign immunity. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.001–109. Stated another way, the Legislature grants a party permission to sue a governmental unit for damages only to the extent allowed under the TTCA. *Id.* § 101.025(b). Section 101.021 of the TTCA waives immunity in only three scenarios: (1) negligent operation or use of a motor-driven vehicle or equipment by a state employee; (2) negligent use of tangible personal property by a state employee, and 3) premises defects. *Id.* at § 101.021(2).

Texas law is clear and it has "long held that information is not tangible personal property, since it is an abstract concept that lacks corporeal, physical, or palpable qualities." *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex.2001); *see Univ. of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175, 179 (Tex.1994). Because Appellant's lawsuit was simply to obtain information contained in the 1995 investigation file, it did not involve tangible personal property upon which he could base a waiver of sovereign immunity to pursue a tort claim against DFPS under the TTCA. Nothing in his allegations fits within the very limited waiver of immunity for tort claims. CR 1-4.

Even if Appellant had alleged facts fitting with the limited waiver, his failure to comply with the TTCA's requirement to notify a governmental unit of a claim before filing suit is another jurisdictional bar of his purported tort claim. TEX. CIV. PRAC. & REM.CODE ANN. § 101.101. The failure to comply with the notice

requirements in the Texas Tort Claims Act also deprives the trial court of subject-matter jurisdiction. *City of Dallas v. Carbajal*, 324 S.W.3d 537, 537–38 (Tex.2010).

Appellant also did not amend his petition and therefore expressly waived any right to assert additional or different tort claims against DFPS. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839–40 (Tex.2007); *See Gray v. City of Galveston*, No. 14–03–00298–CV, 2003 WL 22908145, at *2 (Tex.App.—Houston [14th Dist.] Dec. 11, 2003, pet. denied) (claimant waived any right to amend when he had an opportunity to amend his petition to attempt to allege facts sufficient to plead a claim within a waiver of sovereign immunity and did not do so); *Tara Partners, Ltd. v. City of S. Houston*, 282 S.W.3d 564, 578 (Tex.App.-Houston [14th Dist.] 2009, pet. denied).

The fact that Appellant is a pro se claimant does not excuse him from complying with the applicable substantive and procedural rules of law. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). Accordingly, this Court should affirm the trial court's dismissal of his suit for lack of jurisdiction and Appellant waived any right to assert new tort claims that might be within the waiver of immunity because he had an opportunity to amend and did not do so. TEX.R.APP. P. 33.1(a); *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d at 839–40.

**B. The Discovery Rule Does Not Apply And Cannot Serve As A Basis To Permit Appellant To Proceed With Any Tort Claims Against Appellee**

Appellant's contention on appeal[2] that he should be allowed to proceed with his tort claims based on application of the discovery rule is flatly incorrect. The discovery rule defers a cause of action's accrual date until the plaintiff knows, or by exercising reasonable diligence should know, of the facts giving rise to the claim. *Barker v. Eckman*, 213 S.W.3d 306, 311-12 (Tex. 2006). In order for the discovery rule to apply, the nature of the injury must be inherently undiscoverable and the injury itself must be objectively verifiable. *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex.1998). The alleged injury here – of what appears to be negligent failure to protect – is not "inherently undiscoverable" or objectively verifiable." Moreover, Appellant does not allege specific facts that he has discovered what were before "inherently discoverable." Therefore, the discovery rule does not apply to permit him to now assert new allegations to support a tort claim. *See Darr Equipment Co. v. Allen*, 824 S.W.2d 710, 712 (Tex.App.-Amarillo 1992, writ denied).

---

[2] Appellee notes that that Rodarte did not allege in his Original Petition that it failed to protect his children by failing to remove them from an abusive environment. CR 1-4. Rather, the sole basis of his lawsuit relates to the denial of production of the 1995 investigation file. *Id*.

Additionally, waiting fifteen (15) years to obtain the 1995 investigation file clearly shows that Appellant did not exercise reasonable diligence in obtaining facts giving rise to any purported tort claims. CR 1-4.

Moreover, since the discovery rule does not apply, any new tort claims are barred by the two-year statute of limitations period. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). Hence, even if Appellant "discovered" additional facts giving rise to a claim in October 2012 (i.e., when the investigation file was produced), Appellant failed to timely amend his petition to properly pursue them within the two-year limitations period, which was no later than October 2014. Therefore, no valid legal basis exists for deferral of the accrual date of his purported tort claim and dismissal of his tort claims was proper. This Court should affirm that dismissal.

## C. No Due Process Rights Attach To The Denial of Production Of The 1995 Investigation File

Appellant's due process violation argument fares no better than his contention that the discovery rule applies. A violation of substantive due process occurs only when the government deprives individuals of constitutionally protected rights by an arbitrary use of its power. *Byers v. Patterson*, 219 S.W.3d 514, 525 (Tex.App.-Tyler 2007, no pet.). The procedural due process component provides that citizens are entitled to notice and an opportunity to be heard at a meaningful time in a meaningful manner before any rights in life, liberty, or property may be taken away by the state. *University of Tex. Med. Sch. at Houston v. Than*, 901 S.W.2d 926, 930 (Tex.1995).

It is without dispute that the nature of Appellant's lawsuit involved DFPS's initial refusal to provide him the 1995 investigation file regarding sexual abuse of his children. CR 1-4. On appeal, he simply attempts to mischaracterize the nature of his lawsuit by raising the issue of parental rights. The status of his parental rights over his children was never an issue at the trial court level. CR 1-4. Rather, the only issue, and in fact the only basis of his Original Petition, related to the denial of his access to the 1995 investigation file. *Id*. Appellant is not entitled to any due process protections (or any other constitutional protections for that matter) relating to the investigation file because its production or non-production does not involve a constitutionally protected property right. Nor does he hold a property interest in DFPS's investigation file to support any substantive due process claim, particularly since by way of his lawsuit he has received the investigation file in issue. *Byers v. Patterson*, 219 S.W.3d at 525.

## PRAYER

For the reasons stated herein, Appellee respectfully requests that the Court overrule all of Appellant's points of error and affirm the trial court's dismissal.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas
CHARLES E. ROY
First Assistant Attorney General
JAMES E. DAVIS

9

Deputy Attorney General for Civil
Litigation
ANGELA V. COLMENERO
Chief, General Litigation Division

/s/ Jason T. Contreras
Jason T. Contreras
Texas Bar No. 24032093
Assistant Attorney General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: 512-463-2120
Fax: 512-320-0667
**Counsel for Appellee**

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that this Brief of Appellee complies with Rule 9.4 of the Texas Rules of Appellate Procedure. The text is set to 14-point font and the number of words in the document as calculated by the word count feature of Microsoft Word is 2005.

/s/ Jason T. Contreras
Jason T. Contreras
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2015, a true and correct copy of the foregoing document was served to John E. Rodarte by Certified Mail Return Receipt Requested 7013-0600-0001-9791-3104 and Regular Mail.

John E. Rodarte, Sr.
TDCJ # 1263270
Clements Unit
9601 Spur 591
Amarillo, Texas  79107-9606

/s/ Jason T. Contreras
Jason T. Contreras
Assistant Attorney General

# TAB A

Cause **2010CI-12625**



JOHN E. RODARTE SR.
Plaintiff,Movant,Pro-Se        §

Vs.        §

CHILD PROTECTIVE AND        §
REGULATORY SERVICES ET AL        §
Defendant(s)        §

IN THE DISTRICT COURT

57th JUDICIAL DISTRICT

BEXAR COUNTY,TEXAS

ORIGINAL PETITION FOR LAWSUIT
PERMISSION TO SUE

AFFIDAVIT OF INABILITY

To The Honorable District Court:

Now comes John E. Rodarte Sr.,Plaintiff,Movant,Pro-Se,and on this 22nd day of July 2010,completes this,his Original Petition For Lawsuit Permission To Sue. Plaintiff will respectfully show the following:

I.

Plaintiff,ask for the discovery and the production of statements, photos(if any),documentation of the entire investigation done by The Child Protective And Regulatory Services(hereafter known as C.P.S.).

Said investigation was conducted in September 1995,at the 3536 S.E. Military Drive,San Antonio,Texas 78223 location,phone (210) 337-3253. The C.P.S. investigation involved plaintiff's sons John E. Rodarte Jr. Hawke Lee Rodarte,and John E. Rodarte Sr..

II.

Such documents are needed for further litigation in other cases by the plaintiff. Attempts in the past by Mr. Rodarte Sr. and Mrs. Rachel A. Rodarte were denied by the above defendants' on numerous occasions since late in the year of 2006 or early 2007. A request form was submitted by the plaintiff directly by Mrs. Rachel A. Rodarte. An Affidavit concerning such a matter in on file with the Bexar County District Clerk located at 100 Dolorosa St. San Antonio,Texas 78205.

A copy of correspondence from Valerie Contreras Alanzo may be obtained correction,Valerie Alonzo Contreras at 5720 Bandera Rd. Suite 2,San Antonio,Texas 78238,phone (210) 522-9500. This would concern a written statement by Ms. Contreras,"That even if your Mom paid me I could not get that report".

The 1995 investigation has been so far,elusive,then to plaintiff's Mom,and currently to plaintiff as supporting court records will show.

1.

III.

Such a denial to an important document,if all that was needed was a request form from C.P.S. to release such copy of the 1995 investigation,then why has plaintiff been denied such documents?

The need for the 1995 report,is necessary for plaintiff's peace of mind,continuing litigation,assertion of plaintiff's constitutional rights,and as the father of his sons,entitled to such a request and possession of said documents. Letters to C.P.S. have gone unanswered.

IV.

Plaintiff is indigent,such payment was indeed offered at the time it was first requested of C.P.S. for such copy of the 1995 report and investigation. Due to said indigency,plaintiff request,that the court order the defendants',in the interests of justice and the preservation of the rights of the plaintiff,that a copy of said report and investigation,be provided to the plaintiff free of charge,or paid through other funds,that would serve an indigent person in a court proceeding.

V.

Plaintiff's constitutional rights,are right to due process,a fair trial,equal protection of the law,right to a public trial by an impartial jury,encompassing the 5th,14th,8th and 6th Amendments of the U.S. Constitution and equal protections guaranteed by the Texas Constitution.

With that said,such constitutional protections,guarantee plaintiff his right to the first amendment,to redress his grievances against the government,as well as other laws and statutes that further protect the rights of the plaintiff. To deny plaintiff the 1995 C.P.S. report and investigation as it asked of through the court,would further maintain the current denial of plaintiff's rights as stated in this document.

VI.

This action is brought forth,pursuant to Texas Rules Of Civil Procedure Rules 21,Request For Process,Rule 190 Level I Discovery,Civil Practice And Remedies Chapter 107 Permission To Sue,and Tort in case it is deemed necessary to obtain the requested documents.

2.

Respectfully Submitted,

Original Petition For Lawsuit,Permission To Sue

## PRAYER

Plaintiff,John E. Rodarte Sr.,makes his pleadings known to God in the highest,that the relief sought be granted by the respectful Court, and that said 1995 documents asked of through the Court be provided to the plaintiff as soon as lawfully possible.

Respectfully Submitted,

## ORDER

Upon a hearing of the merits of the pleadings set forth by plaintiff, this Original Petition For Lawsuit,Permission To Sue,is hereby:

_____Denied                                    _____Granted

EXECUTED,On this_____day of_____2010

_____
Judge Presiding

## CERTIFICATE OF SERVICE

This is to certify,that a true and correct copy of the above fore-going document,is in the process of being served upon the defendants' by the Bexar County District Clerk's Office by and through the Bexar County Sheriff's Department at Child Protective And Regulatory Services 3536 S.E. Military Drive San Antonio,Texas 78223,phone (210) 337-3253.

Executed on this 22nd day of July 2010

John E. Rodarte Sr.
T.D.C.J.# 1263270
Clements Unit
9601 Spur 591
Amarillo,Texas 79107-9606

J.R./j.r.
07/22/2010

3.

**FILED**

2:04 O'CLOCK P M

JUL 2 8 2010

MARGARET G. MONTEMAYOR
District Clerk
Bexar County, Texas

BY_____ DEPUTY



TAB A

# TAB B

Filed
10 September 24 P4:40
Margaret G. Montemayc
District Clerk
Bexar District
Accepted by:
Monica Hernandez

Cause No. 2010-CI-12625

| JOHN E. RODARTE SR., | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 57TH JUDICIAL DISTRICT |
| | § | |
| CHILD PROTECTIVE AND | § | |
| REGULATORY SERVICES, ET AL., | § | |
| Defendants. | § | BEXAR COUNTY, TEXAS |

## <u>DEFENDANT'S PLEA TO THE JURISDICTION AND MOTION TO DISMISS</u>

COMES NOW Defendant the Texas Department of Family Protective Services (DFPS)[1] and files this Plea to the Jurisdiction and Motion to Dismiss. In support, Defendant respectfully offers the following to the Court for consideration:

### I. BACKGROUND

This action involves a public records request. Plaintiff is a prisoner incarcerated in the Clements Unit in Amarillo, Texas. On or around June 22, 2010, he filed an Original Petition for Lawsuit Permission to Sue ("Petition") whereby he seeks to compel Defendant to produce to him the 1995 investigation file of allegations of child sexual abuse against Plaintiff. He claims that these documents are needed "for further litigation in other cases." Petition at 1. Plaintiff also claims that these documents were previously denied to both him and his mother, Rachel A. Rodarte (i.e., Plaintiff's agent). Supplement to Plaintiff's Petition at 1. Plaintiff further claims (frivolously) that denying him these documents violates his constitutional rights. Petition at 2. He brings this action pursuant to TRCP Rule 21 and Rule 190, CPRC 107, and tort. Petition at 2. Plaintiff has made a

---

[1] Plaintiff has incorrectly named Defendant as the "Child Protective and Regulatory Services." It was previously named the Texas Department of Protective and Regulatory Services, and is currently named the Texas Department of Family and Protective Services. A reference in law to the Department of Protective and Regulatory Services means the Department of Family and Protective Services. Act of June 1, 2003, 78th Leg., R.S., § 1.27, 2003 Tex. Gen. Laws 611, 641.

I

**TAB B**

request for "damages," but fails to state the exact nature of the damages sought. Plaintiff's Response to Defendant's Answer at 3.

For the reasons stated herein, this lawsuit should be dismissed with prejudice and declared frivolous.

## II. PLEA TO THE JURISDICTION

### A.    The Legal Standard

A plea to the jurisdiction based on sovereign immunity challenges a trial court's subject matter jurisdiction. *State v. Holland*, 221 S.W.3d 639, 642 (Tex.2007); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225 26 (Tex.2004). Subject matter jurisdiction cannot be presumed and cannot be waived. *Continental Coffee Prods. v. Cazarez*, 937 S.W.2d 444, 449 n.2 (Tex. 1996). Whether a trial court has subject matter jurisdiction is a question of law for the court. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

When a plea to the jurisdiction challenges the pleadings, a court determines if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *City of El Paso v. Heinrich*, 286 S.W.3d 366, No. 06-0778, 2009 WL 1165306, at *9 (Tex. May 1, 2009) (citing *Miranda*, 133 S.W.3d at 226). If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id.* (citing *Miranda*, 133 S.W.3d at 227).

2

When reviewing a plea to the jurisdiction, a court should limit itself to the jurisdictional issue and avoid considering the merits of the claims. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 552 (Tex. 2000). The plaintiff bears the burden of alleging facts affirmatively showing that the trial court has subject-matter jurisdiction. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *Texas Dep't of Crim. Justice v. Miller*, 48 S.W.3d 201, 203 (Tex. App.–Houston [1st Dist.]1999), rev'd on other grounds, 51 S.W.3d 583, 589 (Tex. 2001)). Plaintiff is required to affirmatively demonstrate the court's jurisdiction to hear the lawsuit under some statute that waives sovereign immunity. *Miller*, 51 S.W. 3d at 587.

If a trial court lacks subject-matter jurisdiction, it has no discretion and must dismiss the case. *Hampton v. University of Tex. M.D. Anderson Cancer Ctr.*, 6 S.W.3d 627, 629 (Tex. App.—Houston [1st Dist.] 1999, reh'g overruled). When a "lawsuit is barred by sovereign immunity, dismissal with prejudice for want of jurisdiction is proper." *Univ. of Texas Med. Branch at Galveston v. Hohman*, 6 S.W.3d 767, 771 (Tex. App.—Houston [1st Dist] 1999, no pet.).

## B. Plaintiff's Claims Are Barred By Sovereign Immunity

To the extent that Plaintiff is asserting any legal cause of action against Defendant seeking monetary damages, such as the "tort" claim he alleges, it is barred by sovereign immunity. The State of Texas and its agencies cannot be liable for monetary damages absent legislative consent to sue the State. *See Federal Sign v. Texas So. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997); *Rylander v. Caldwell*, 23 S.W.3d 132, 135 (Tex.App.-Austin 2000, no pet.). In this regard, it is without dispute that DFPS is an agency of the

3

State of Texas. House Bill 2292 by 78th Texas Legislature, Regular Session (the house bill passed creating the Texas Department of Family and Protective Services). Accordingly, DFPS is entitled to sovereign immunity. *In re C.S.*, 214 S.W.3d 465, 466-68 (Tex. App. Austin 2006) (DFPS enjoys protection afforded by sovereign immunity); *Tex. Dep't of Family & Protective Servs. v. Atwood*, 176 S.W.3d 522, 527-35 (Tex.App.-Houston [1st Dist.] 2004, pet. denied) (plaintiff's claims against DFPS barred by sovereign immunity).

Here, Plaintiff has failed to affirmatively demonstrate the court's jurisdiction to hear this lawsuit under some statute that waives DFPS's sovereign immunity with respect to the claims asserted in this action, including his purported tort claim. Furthermore, Plaintiff's reliance on CPRC § 107.001 (Grants of Permission Covered) is seriously misplaced since he can't present any resolution by the State of Texas granting him permission to sue DFPS or any other state agency in connection with the factual basis of this lawsuit. Thus, under the doctrine of sovereign immunity, because Plaintiff has failed to establish legislative consent to suit, this court has no subject matter jurisdiction to entertain this lawsuit against DFPS and it should properly be dismissed. *See Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999).

4

# III. MOTION TO DISMISS

## A. Disclosure Of The Documents In Question Is Discretionary, Not Mandatory

Plaintiff's lawsuit is based on the denial of his request for public records (i.e., the investigation file in issue). Plaintiff's Response to Defendant's Answer at 3. It is without dispute that Plaintiff is imprisoned in a correctional facility. Thus, the controlling law which governs public information requests by inmates is Government Code § 552.028, Request for Information from Incarcerated Individual, which states as follows:

(a) A governmental body *is not required* to accept or comply with a request for information from an individual who is imprisoned or confined in a correctional facility or an agent[2] of that individual.

(b) Subsection (a) *does not prohibit a* governmental body from disclosing to an individual described by the subsection information held by the governmental body pertaining to that individual.

(emphasis added). While a governmental body need not comply with a request for information from an incarcerated individual, it is not prohibited from disclosing information that pertains to the inmate. See TEX. GOV'T CODE ANN. § 552.028(a), (b) (Vernon 2004); *Hickman v. Moya*, 976 S.W.2d 360, 361 (Tex.App.- Waco 1998, pet. denied), *cert. denied*, 527 U.S. 1009, 119 S.Ct. 2348, 144 L.Ed2d 245 (1999). Thus, because section 552.028 is not mandatory, but gives the governmental body discretion to disclose or not disclose the requested information, Plaintiff's assertion that he's entitled

---

[2] Plaintiff's mother, Rachel A. Rodarte is clearly an agent for Plaintiff therefore she can't properly obtain the documents in issue pursuant to Gov't Code § 552.028(a)(2) (a governmental body is not required to accept or comply with a request for information from an individual imprisoned/confined in prison or an agent of that individual).

5

to these documents has no arguable basis in law. *Hickman v. Moya*, 976 S.W.2d 360, 361; *Harrison v. Vance*, 34 S.W.3d 660, 663 (Tex.App.-Dallas 2000, no pet.); *Harrison v. Vance*, 34 S.W.3d 660, 663 (Tex.App.-Dallas 2000, no pet.) (holding that disclosure of information is discretionary when that information is requested by an individual imprisoned or confined in a correctional facility); *Moore v. Henry*, 960 S.W.2d 82, 84 (Tex.App.-Houston [1st Dist.] 1996, no writ) (the language "does not prohibit" in section 552.028(b) is permissive and gives the governmental body discretion in deciding whether to comply with requests under the PIA, even if that information pertains to the individual requesting it); *see also Wright v. Curry*, No. 04-10304, 2004 WL 2977437(5th Cir. December 17, 2004) (not designated for publication) (holding that a state prison inmate was not entitled to copies of the transcripts and records from his state court criminal case under the Texas Open Records Act, nor did he have a right to a free copy of records from his state criminal case to "search for possible error in order to file a petition for collateral relief at some future date.").

Mandamus will not issue to compel a discretionary rather than a ministerial act. *Duffy v. Branch*, 828 S.W.2d 211, 213 (Tex.App.-Dallas 1992, orig. proceeding); *Harrison v. Vance*, 34 S.W.3d at 663; CPRC § 552.321 (suit for writ of mandamus over public information request). Hence, Texas law is clear that disclosure of these documents is subject to the sole discretion of Defendant, therefore, Plaintiff has no legal right to the documents in issue.

6

**B.     Plaintiff's Lawsuit Should Be Declared Frivolous**

The dismissal of inmate lawsuits is governed by TEX. CIV. PRAC. & REM.CODE ANN. §§ 14.001-.014 (Vernon 2004). A trial court may dismiss a suit under Chapter 14 if it is frivolous, considering whether: (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(a)(2), (b).

Here, there is no realistic chance of ultimate success by Plaintiff, much less a slight chance of success, since, as addressed above, Texas law is crystal clear that disclosure of the documents he seeks is within Defendant's discretion, rather than a requirement. Furthermore, there can be no arguable basis either in law or fact that can provide him the relief he seeks (i.e., that DFPS produce to him the documents in question). Moreover, at least two Texas Courts of Appeal have upheld lower court decisions dismissing inmate lawsuits involving public record requests because no arguable basis in law exists which would controvert the controlling case law cited above on this issue. *Harrison v. Vance*, 34 S.W.3d at 662-663; *Chapa v. Livingston*, No. 10-09-00273-CV; 2010 WL 3342018, at *2 (Tex. App.-Waco August 25, 2010, no pet.) (not designated for publication). For this reason, Plaintiff's lawsuit should be dismissed as frivolous.

7

## IV. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that its Plea to the Jurisdiction and Motion to Dismiss be granted thereby dismissing this lawsuit with prejudice and dismissing it as frivolous pursuant to CPRC Chapter 14. Defendant further prays that all costs be taxed and adjudged against Plaintiff and that it be granted all other and further relief, both general and special, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

BILL COBB
Deputy Attorney General for Civil Litigation

RUTH R. HUGHS
Director of Defense Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division

JASON T. CONTRERAS
Texas Bar No. 24032093
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX

*Attorneys for Defendant*

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via Certified Mail, Return Receipt Requested and regular mail on September 24, 2010, to:

John E. Rodarte, Sr.
TDCJ #1263270
Clements Unit
9601 Spur 591
Amarillo, Texas 79107-9606

Jason T. Contreras
Assistant Attorney General

9

**TAB B**

# TAB C



2010CI12625 -D057

## CAUSE NO. 2010-CI-12625

| | | |
|---|---|---|
| JOHN E. RODARTE, SR., | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| v. | § | 57TH JUDICIAL DISTRICT |
| | § | |
| CHILD PROTECTIVE AND | § | |
| REGULATORY SERVICES, ET AL. | § | |
| *Defendants* | § | BEXAR COUNTY, TEXAS |

### ORDER GRANTING DEFENDANT'S PLEA TO THE JURISDICTION AND MOTION TO DISMISS

CAME TO BE CONSIDERED Defendant the Texas Department of Family Protective Services' Plea to the Jurisdiction and Motion to Dismiss. After careful consideration of said plea, any applicable response by Plaintiff, the argument of the parties, and the controlling law, the Court is of the opinion that Defendant's said plea and motion are with merit.

Accordingly, it is **ORDERED, ADJUDGED AND DECREED** that Defendant's Plea to the Jurisdiction and Motion to Dismiss are **GRANTED** thereby dismissing this case with prejudice.

SIGNED on this _11th_ day of ___October, 2010___

_____
PRESIDING JUDGE

29

TAB C

# TAB D

★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

No. 04-10-00880-CV

John E. **RODARTE**, Sr.,
Appellant

v.

## TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-12625
Honorable Renee F. McElhaney, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:     Karen Angelini, Justice
    Phylis J. Speedlin, Justice
    Rebecca Simmons, Justice

Delivered and Filed:  June 6, 2012

AFFIRMED IN PART; REVERSED AND REMANDED IN PART

John E. Rodarte, Sr., an inmate, appeals the trial court's dismissal of his lawsuit as frivolous pursuant to chapter 14 of the Texas Civil Practice and Remedies Code. We reverse and remand.

## BACKGROUND

On June 22, 2010, Rodarte, an indigent inmate, filed a lawsuit against the Texas Department of Family and Protective Services, alleging that his rights were violated by the

86                              **TAB D**



EXHIBIT

PENGAD 800-631-6989

Department's refusal to produce a 1995 investigation file, which involved allegations of child sexual abuse against him with respect to his children. He alleged that the Department had denied his multiple requests for public information and that he needed the documents "for further litigation in other cases." In response, the Department filed a plea to the jurisdiction and motion to dismiss, arguing that (1) any tort claims brought by Rodarte are barred by sovereign immunity; and (2) any claim based on the denial of his request for information should be dismissed as frivolous pursuant to chapter 14 of the Texas Civil Practice and Remedies Code. After a telephonic hearing with Rodarte, the trial court granted the Department's plea to the jurisdiction and motion to dismiss. Rodarte appeals the trial court's ruling that his claim based on the denial of his request for information is frivolous.[1]

## DISCUSSION

Section 14.003 of the Texas Civil Practice and Remedies Code governs the dismissal of a claim brought by an inmate filing an affidavit of inability to pay costs. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (West 2002). A court may dismiss a claim, either before or after service of process, if the court finds the claim was frivolous or malicious. *Id.* § 14.003(a)(2). When determining whether a claim is frivolous, the court may consider whether (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by an inmate because the claim arises from the same operative facts. *Id.* § 14.003(b). We review the trial court's determination that appellant's claim was frivolous under an abuse of discretion standard. *Harrison v. Vance*, 34 S.W.3d 660, 662 (Tex. App.—Dallas 2000, no pet.).

---

[1] We note that Rodarte has not challenged the dismissal of his tort claims against the Department.

- 2 -

87

**TAB D**

At the hearing, the Department argued that Rodarte's request for public information had no realistic chance of ultimate success because section 552.028 of the Texas Government Code allows a governmental body to refuse a request for information from an inmate. *See* TEX. GOV'T CODE ANN. § 552.028(a) (West 2004). Thus, the Department argued that because it had discretion to produce or not produce the documents at issue, Rodarte had no chance of prevailing in his lawsuit.

Section 552.028 provides that a governmental body is not required to accept or comply with a request for information from an individual who is imprisoned or confined in a correctional facility. *See id.* In considering section 552.028, courts have held that a governmental body has discretion to disclose information "when that information is requested by an individual imprisoned or confined in a correctional facility, regardless of whether such information pertains to the individual requesting it." *Harrison*, 34 S.W.3d at 663; *see also Hickman v. Moya*, 976 S.W.2d 360, 361 (Tex. App.—Waco 1998, pet. denied); *Moore v. Henry*, 960 S.W.2d 82, 84 (Tex. App.—Houston [1st Dist.] 1996, no writ).

Rodarte argued at the hearing and continues to argue on appeal that section 552.028 should not apply to this case because section 261.201 of the Family Code requires the Department to provide information to a parent of a child who is the subject of reported abuse or neglect.[2] Rodarte alleged in his petition that he is the father of the children relating to the 1995 investigation file.

The Texas Public Information Act ("the Act") requires disclosure of public documents and information upon request to a governmental entity. *See* TEX. GOV'T CODE ANN. § 552.001-.353 (West 2004 & Supp. 2011). "However, some categories of information that would otherwise be public under the Act are made confidential by law other than the Act, and the Act

---

[2] We note that the Department does not address this argument in its brief.

- 3 -

88

**TAB D**

excepts such information from the disclosure requirement in section 552.021." *Doe v. Tarrant Cnty. Dist. Attorney's Office*, 269 S.W.3d 147, 151 (Tex. App.—Fort Worth 2008, no pet.). Section 261.201 of the Family Code removes information within its scope from disclosure under the Act. *Id.* at 155. Section 261.201 states the following:

(a) Except as provided by Section 261.203, the following information is confidential, is not subject to public release under [the Act], and may be disclosed only for purposes consistent with this code and applicable federal or state law or under rules adopted by an investigating agency:
    (1) a report of alleged or suspected abuse or neglect made under this chapter and the identity of the person making the report; and
    (2) except as otherwise provided in this section, the files, reports, records, communications, audiotapes, videotapes, and working papers used or developed in an investigation under this chapter or in providing services as a result of an investigation.

(b) A court may order the disclosure of information that is confidential under this section if:
    (1) a motion has been filed with the court requesting the release of the information;
    (2) a notice of hearing has been served on the investigating agency and other interested parties; and
    (3) after hearing and an in camera review of the requested information, the court determines that the disclosure of the requested information is:
        (A) essential to the administration of justice; and
        (B) not likely to endanger the life or safety of:
            (i) a child who is the subject of the report of alleged or suspected abuse or neglect;
            (ii) a person who makes a report of alleged or suspected abuse or neglect; or
            (iii) any other person who participates in an investigation of reported abuse or neglect or who provides care for the child. . . .

(g) Notwithstanding Subsection (b), the department, on request and subject to department rule,[3] shall provide to the parent, managing conservator, or other legal representative of a child who is the subject of reported abuse or neglect

---

[3] Rodarte points to the following department rules in the Texas Administrative Code, which support his argument. Section 700.203(b) of the Texas Administrative Code requires the Department, upon a properly submitted request, to provide access to confidential case records to the parent of the child who was the alleged or actual victim of child abuse and neglect, provided that the records are properly redacted. *See* 40 TEX. ADMIN. CODE § 700.203(b) (2012) (Tex. Dep't of Family & Protective Servs.). And, section 700.203(c) requires the Department, upon a properly submitted request, to provide access to confidential investigation records "to an individual who was alleged or designated by [the Department] to be a perpetrator in that investigation, whether or not that individual is a parent of the alleged victim, provided that the records are redacted as described in section 700.204 of this title." *Id.* § 700.203(c).

- 4 -

> information concerning the reported abuse or neglect that would otherwise be confidential under this section if the department has edited the information to protect the confidentiality of the identity of the person who made the report and any other person whose life or safety may be endangered by the disclosure. . . .

*See* TEX. FAM. CODE ANN. § 261.201 (West Supp. 2011).[4]

In support of his argument that his case is not frivolous, Rodarte points to subsection (b), which allows a court to order disclosure of confidential information, and subsection (g), which requires the department to provide information concerning the reported abuse or neglect to a parent upon request and after the Department has redacted certain information. Thus, the issue is whether section 552.028 of the Government Code relieves the Department from its obligation under section 261.201 of the Family Code to provide access to the 1995 file at issue. We hold that it does not.

According to the Code Construction Act, we should first attempt to harmonize statutes so that effect is given to each. *See* TEX. GOV'T CODE ANN. §§ 311.025-.026 (West 2005). If, however, the conflict between the statutes is irreconcilable, then the statute latest in date of enactment prevails. *See id.* § 311.025. Further, if there is an irreconcilable conflict between a general and a special provision, then the special provision "prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail." *Id.* § 311.026(b).

Here, as applied to Rodarte, there is an irreconcilable conflict between section 552.028 of the Government Code and section 261.201 of the Family Code. Section 552.028 grants the Department discretion in deciding whether to give Rodarte, an inmate, information relating to the

---

[4] We note that subsection (k), which requires an investigating agency to withhold information if the parent of the child requesting information is alleged to have committed the abuse or neglect, does not apply here. Subsection (k) applies to "an investigating agency, *other than the department* . . . ." TEX. FAM. CODE ANN. § 261.201(k) (West Supp. 2011) (emphasis added).

-5-

**TAB D**

1995 investigation. On the other hand, because Rodarte is a parent of the children who were the subject of the reported abuse or neglect, section 261.201(g) of the Family Code requires the department, after editing certain information, to give him information concerning the reported abuse or neglect. Thus, we must determine which section should control.

Applying the principles enunciated in the Code Construction Act, we note that the language at issue in section 552.028 of the Government Code was enacted by the 74th Legislature on May 18, 1995. *See* Act of May 18, 1995, 74th Leg., R.S., ch. 302, § 1. The language at issue in section 261.201 of Family Code was also enacted by the 74th Legislature, but it was enacted a week later on May 26, 1995. *See* Act of May 26, 1995, 74th Leg., R.S., ch. 751, § 93. Thus, section 261.201 of the Family Code is later in date of enactment and thus should prevail over section 552.028 of the Government Code pursuant to the Code Construction Act. *See* TEX. GOV'T CODE ANN. § 311.025 (West 2005). Further, we note that section 261.201 of the Family Code should also prevail pursuant to the Code Construction Act because it is the special provision, while section 552.028 of the Government Code is the general one. *See id.* § 311.026(b) (explaining that a special provision "prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail").

Because section 261.201(g) of the Family Code requires the Department, "on request and subject to department rule," to provide to a parent like Rodarte "information concerning the reported abuse or neglect that would otherwise be confidential" "if the department has edited the information to protect the confidentiality of the identity of the person who made the report and any other person whose life or safety may be endangered by the disclosure," *see* TEX. FAM. CODE ANN. § 261.201(g) (West Supp. 2011), we hold the trial court erred in determining that Rodarte's

claim based on the denial of his request for information is frivolous. We therefore reverse the trial court's order dismissing his claim arising from the denial of his request for information and remand the cause for further proceedings consistent with this opinion. However, because Rodarte has not challenged the dismissal of his tort claims against the Department, we affirm the trial court's order dismissing his tort claims.

Karen Angelini, Justice

**TAB D**



# JUDGMENT

No. 04-10-00880-CV

John E. **RODARTE**, Sr.,
Appellant

v.

**TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES,**
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-12625
Honorable Renee F. McElhaney, Judge Presiding

BEFORE JUSTICE ANGELINI, JUSTICE SPEEDLIN, AND JUSTICE SIMMONS

In accordance with this court's opinion of this date, the judgment of the trial court is AFFIRMED IN PART, AND REVERSED AND REMANDED IN PART. With respect to the dismissal of John E. Rodarte, Sr.'s tort claims against the Texas Department of Family and Protective Services, the judgment of the trial court is AFFIRMED. With respect to the dismissal of John E. Rodarte, Sr.'s claim arising from the denial of his request for information, the judgment of the trial court is REVERSED and this cause is REMANDED for proceedings consistent with the opinion of this court. No costs of appeal are taxed against Appellant John E. Rodarte, Sr., because he qualifies as an indigent. The Texas Department of Family and Protective Services is taxed costs of appeal incurred by it.

SIGNED June 6, 2012.

Karen Angelini, Justice

93

**TAB D**

# TAB E

Cause No. 2010-CI-12625

| | | |
|---|---|---|
| JOHN E. RODARTE SR., | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 57TH JUDICIAL DISTRICT |
| | § | |
| CHILD PROTECTIVE AND | § | |
| REGULATORY SERVICES, ET AL., | § | |
| Defendant | § | BEXAR COUNTY, TEXAS |

## DEFENDANT'S MOTION TO DISMISS

COMES NOW Defendant the Texas Department of Family Protective Services ("TDFPS") and files this Motion to Dismiss because all of Plaintiff's claims have been adjudicated by the trial court and there is nothing further to litigate. In support, TDFPS respectfully offers the following for consideration by the Court:

## I. BACKGROUND AND ARGUMENT

This action involves a request made by an incarcerated inmate for documents pursuant to the Texas Public Information Act (the Act). Plaintiff is currently serving a life sentence and is incarcerated in the Bill Clements Unit of the Texas Department of Criminal Justice. He filed suit in order to obtain the file of a 1995 investigation by TDFPS of child sexual abuse of his children involving Plaintiff, claiming that these documents are needed "for further litigation in other cases." Plaintiff's Petition at 1. Plaintiff also asserted a tort claim against TDFPS. *Id.* at 2.

On September 24, 2010, TDFPS filed a Plea to the Jurisdiction and Motion to Dismiss arguing that 1) Plaintiff's tort claims are barred by sovereign immunity, and 2) that under the Act, TDFPS has discretionary authority to deny or comply with a request for documents by an incarcerated inmate. The plea was granted on October 11, 2010

1

**TAB E**

thereby dismissing the case with prejudice. **Exhibit 1**. Plaintiff filed an appeal on October 27, 2010. On appeal after the parties submitted their respective briefing, in a memorandum opinion, the Fourth Court of Appeals affirmed in part and reversed and remanded in part. **Exhibit 2**. As noted by the Fourth Court, Plaintiff did not challenge on appeal the dismissal of is tort claims. *Id.* at 2.

Consistent with the ruling by the Fourth Court of Appeals, the trial court held a hearing on October 9, 2012 and ordered TDFPS to produce to Plaintiff the 1995 investigation file in issue. **Exhibit 3**. In accordance with the trial court's Order, TDFPS produced the file to Plaintiff on October 23, 2012. **Exhibit 4**.

The court properly dismissed Plaintiff's tort claim because it is barred by sovereign immunity. **Exhibit 1**. Further, Plaintiff received a copy of the 1995 investigation file in issue. **Exhibit 4**. Stated another way, Plaintiff obtained the relief he requested in this lawsuit. Accordingly, because Plaintiff's claims and causes of action have been litigated and have now been fully resolved, there is nothing further to litigate.

## II. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant TDFPS prays that its Motion to Dismiss be granted thereby dismissing this action by way of a final order. TDFPS further prays that it be granted all other relief to which it may be justly entitled.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas
DANIEL T. HODGE
First Assistant Attorney General
DAVID C. MATTAX
Deputy Attorney General for Defense Litigation

2

JAMES "BEAU" ECCLES
General Litigation, Division Chief


/s/ Jason T. Contreras
JASON T. CONTRERAS
Texas Bar No. 24032093
Assistant Attorney General
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: 512-463-2120
Fax: 512-320-0667
*Attorneys for Defendant*


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been sent via U.S. Certified Mail, Return Receipt Requested and regular mail on November 19, 2014 to:

**Via CMRR#7013 0600 0001 9791 5757**
John E. Rodarte, Sr.
TDCJ #1263270
Clements Unit
9601 Spur 591
Amarillo, Texas 79107-9606


/s/ Jason T. Contreras
Jason T. Contreras
Assistant Attorney General

3

| | | |
|---|---|---|
| JOHN E. RODARTE, SR., | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| v. | § | 57TH JUDICIAL DISTRICT |
| | § | |
| CHILD PROTECTIVE AND | § | |
| REGULATORY SERVICES, ET AL. | § | |
| *Defendants* | § | BEXAR COUNTY, TEXAS |

## ORDER GRANTING DEFENDANT'S PLEA TO THE JURISDICTION AND MOTION TO DISMISS

CAME TO BE CONSIDERED Defendant the Texas Department of Family Protective Services' Plea to the Jurisdiction and Motion to Dismiss. After careful consideration of said plea, any applicable response by Plaintiff, the argument of the parties, and the controlling law, the Court is of the opinion that Defendant's said plea and motion are with merit.

Accordingly, it is **ORDERED, ADJUDGED AND DECREED** that Defendant's Plea to the Jurisdiction and Motion to Dismiss are **GRANTED** thereby dismissing this case with prejudice.

SIGNED on this _11th_ day of _October, 2010_.

_____
PRESIDING JUDGE



**EXHIBIT**

TAB E



# MEMORANDUM OPINION

No. 04-10-00880-CV

John E. **RODARTE**, Sr.,
Appellant

v.

**TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES,**
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-12625
Honorable Renee F. McElhaney, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:        Karen Angelini, Justice
            Phylis J. Speedlin, Justice
            Rebecca Simmons, Justice

Delivered and Filed: June 6, 2012

AFFIRMED IN PART; REVERSED AND REMANDED IN PART

John E. Rodarte, Sr., an inmate, appeals the trial court's dismissal of his lawsuit as frivolous pursuant to chapter 14 of the Texas Civil Practice and Remedies Code. We reverse and remand.

## BACKGROUND

On June 22, 2010, Rodarte, an indigent inmate, filed a lawsuit against the Texas Department of Family and Protective Services, alleging that his rights were violated by the



EXHIBIT
TAB E
PENGAD 800-631-6989

Department's refusal to produce a 1995 investigation file, which involved allegations of child sexual abuse against him with respect to his children. He alleged that the Department had denied his multiple requests for public information and that he needed the documents "for further litigation in other cases." In response, the Department filed a plea to the jurisdiction and motion to dismiss, arguing that (1) any tort claims brought by Rodarte are barred by sovereign immunity; and (2) any claim based on the denial of his request for information should be dismissed as frivolous pursuant to chapter 14 of the Texas Civil Practice and Remedies Code. After a telephonic hearing with Rodarte, the trial court granted the Department's plea to the jurisdiction and motion to dismiss. Rodarte appeals the trial court's ruling that his claim based on the denial of his request for information is frivolous.[1]

## DISCUSSION

Section 14.003 of the Texas Civil Practice and Remedies Code governs the dismissal of a claim brought by an inmate filing an affidavit of inability to pay costs. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (West 2002). A court may dismiss a claim, either before or after service of process, if the court finds the claim was frivolous or malicious. *Id.* § 14.003(a)(2). When determining whether a claim is frivolous, the court may consider whether (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by an inmate because the claim arises from the same operative facts. *Id.* § 14.003(b). We review the trial court's determination that appellant's claim was frivolous under an abuse of discretion standard. *Harrison v. Vance*, 34 S.W.3d 660, 662 (Tex. App.—Dallas 2000, no pet.).

---

[1] We note that Rodarte has not challenged the dismissal of his tort claims against the Department.

**TAB E**

At the hearing, the Department argued that Rodarte's request for public information had no realistic chance of ultimate success because section 552.028 of the Texas Government Code allows a governmental body to refuse a request for information from an inmate. *See* TEX. GOV'T CODE ANN. § 552.028(a) (West 2004). Thus, the Department argued that because it had discretion to produce or not produce the documents at issue, Rodarte had no chance of prevailing in his lawsuit.

Section 552.028 provides that a governmental body is not required to accept or comply with a request for information from an individual who is imprisoned or confined in a correctional facility. *See id.* In considering section 552.028, courts have held that a governmental body has discretion to disclose information "when that information is requested by an individual imprisoned or confined in a correctional facility, regardless of whether such information pertains to the individual requesting it." *Harrison*, 34 S.W.3d at 663; *see also Hickman v. Moya*, 976 S.W.2d 360, 361 (Tex. App.—Waco 1998, pet. denied); *Moore v. Henry*, 960 S.W.2d 82, 84 (Tex. App.—Houston [1st Dist.] 1996, no writ).

Rodarte argued at the hearing and continues to argue on appeal that section 552.028 should not apply to this case because section 261.201 of the Family Code requires the Department to provide information to a parent of a child who is the subject of reported abuse or neglect.[2] Rodarte alleged in his petition that he is the father of the children relating to the 1995 investigation file.

The Texas Public Information Act ("the Act") requires disclosure of public documents and information upon request to a governmental entity. *See* TEX. GOV'T CODE ANN. § 552.001-.353 (West 2004 & Supp. 2011). "However, some categories of information that would otherwise be public under the Act are made confidential by law other than the Act, and the Act

_____

[2] We note that the Department does not address this argument in its brief.

- 3 -

**TAB E**

excepts such information from the disclosure requirement in section 552.021." *Doe v. Tarrant Cnty. Dist. Attorney's Office*, 269 S.W.3d 147, 151 (Tex. App.—Fort Worth 2008, no pet.). Section 261.201 of the Family Code removes information within its scope from disclosure under the Act. *Id.* at 155. Section 261.201 states the following:

(a) Except as provided by Section 261.203, the following information is confidential, is not subject to public release· under [the Act], and may be disclosed only for purposes consistent with this code and applicable federal or state law or under rules adopted by an investigating agency:

    (1) a report of alleged or suspected abuse or neglect made under this chapter and the identity of the person making the report; and

    (2) except as otherwise provided in this section, the files, reports, records, communications, audiotapes, videotapes, and working papers used or developed in an investigation under this chapter or in providing services as a result of an investigation.

(b) A court may order the disclosure of information that is confidential under this section if:

    (1) a motion has been filed with the court requesting the release of the information;

    (2) a notice of hearing has been served on the investigating agency and other interested parties; and

    (3) after hearing and an in camera review of the requested information, the court determines that the disclosure of the requested information is:

        (A) essential to the administration of justice; and

        (B) not likely to endanger the life or safety of:

            (i) a child who is the subject of the report of alleged or suspected abuse or neglect;

            (ii) a person who makes a report of alleged or suspected abuse or neglect; or

            (iii) any other person who participates in an investigation of reported abuse or neglect or who provides care for the child. . . .

(g) Notwithstanding Subsection (b), the department, on request and subject to department rule,[3] shall provide to the parent, managing conservator, or other legal representative of a child who is the subject of reported abuse or neglect

---

[3] Rodarte points to the following department rules in the Texas Administrative Code, which support his argument. Section 700.203(b) of the Texas Administrative Code requires the Department, upon a properly submitted request, to provide access to confidential case records to the parent of the child who was the alleged or actual victim of child abuse and neglect, provided that the records are properly redacted. *See* 40 TEX. ADMIN. CODE § 700.203(b) (2012) (Tex. Dep't of Family & Protective Servs.). And, section 700.203(c) requires the Department, upon a properly submitted request, to provide access to confidential investigation records "to an individual who was alleged or designated by [the Department] to be a perpetrator in that investigation, whether or not that individual is a parent of the alleged victim, provided that the records are redacted as described in section 700.204 of this title." *Id.* § 700.203(c).

- 4 -

> information concerning the reported abuse or neglect that would otherwise be confidential under this section if the department has edited the information to protect the confidentiality of the identity of the person who made the report and any other person whose life or safety may be endangered by the disclosure. . . .

*See* TEX. FAM. CODE ANN. § 261.201 (West Supp. 2011).[4]

In support of his argument that his case is not frivolous, Rodarte points to subsection (b), which allows a court to order disclosure of confidential information, and subsection (g), which requires the department to provide information concerning the reported abuse or neglect to a parent upon request and after the Department has redacted certain information. Thus, the issue is whether section 552.028 of the Government Code relieves the Department from its obligation under section 261.201 of the Family Code to provide access to the 1995 file at issue. We hold that it does not.

According to the Code Construction Act, we should first attempt to harmonize statutes so that effect is given to each. *See* TEX. GOV'T CODE ANN. §§ 311.025-.026 (West 2005). If, however, the conflict between the statutes is irreconcilable, then the statute latest in date of enactment prevails. *See id.* § 311.025. Further, if there is an irreconcilable conflict between a general and a special provision, then the special provision "prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail." *Id.* § 311.026(b).

Here, as applied to Rodarte, there is an irreconcilable conflict between section 552.028 of the Government Code and section 261.201 of the Family Code. Section 552.028 grants the Department discretion in deciding whether to give Rodarte, an inmate, information relating to the

---

[4] We note that subsection (k), which requires an investigating agency to withhold information if the parent of the child requesting information is alleged to have committed the abuse or neglect, does not apply here. Subsection (k) applies to "an investigating agency, *other than the department* . . . ." TEX. FAM. CODE ANN. § 261.201(k) (West Supp. 2011) (emphasis added).

-5-

TAB E

1995 investigation. On the other hand, because Rodarte is a parent of the children who were the subject of the reported abuse or neglect, section 261.201(g) of the Family Code requires the department, after editing certain information, to give him information concerning the reported abuse or neglect. Thus, we must determine which section should control.

Applying the principles enunciated in the Code Construction Act, we note that the language at issue in section 552.028 of the Government Code was enacted by the 74th Legislature on May 18, 1995. *See* Act of May 18, 1995, 74th Leg., R.S., ch. 302, § 1. The language at issue in section 261.201 of Family Code was also enacted by the 74th Legislature, but it was enacted a week later on May 26, 1995. *See* Act of May 26, 1995, 74th Leg., R.S., ch. 751, § 93. Thus, section 261.201 of the Family Code is later in date of enactment and thus should prevail over section 552.028 of the Government Code pursuant to the Code Construction Act. *See* TEX. GOV'T CODE ANN. § 311.025 (West 2005). Further, we note that section 261.201 of the Family Code should also prevail pursuant to the Code Construction Act because it is the special provision, while section 552.028 of the Government Code is the general one. *See id.* § 311.026(b) (explaining that a special provision "prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail").

Because section 261.201(g) of the Family Code requires the Department, "on request and subject to department rule," to provide to a parent like Rodarte "information concerning the reported abuse or neglect that would otherwise be confidential" "if the department has edited the information to protect the confidentiality of the identity of the person who made the report and any other person whose life or safety may be endangered by the disclosure," *see* TEX. FAM. CODE ANN. § 261.201(g) (West Supp. 2011), we hold the trial court erred in determining that Rodarte's

91

**TAB E**

claim based on the denial of his request for information is frivolous. We therefore reverse the trial court's order dismissing his claim arising from the denial of his request for information and remand the cause for further proceedings consistent with this opinion. However, because Rodarte has not challenged the dismissal of his tort claims against the Department, we affirm the trial court's order dismissing his tort claims.

Karen Angelini, Justice

TAB E



# JUDGMENT

## No. 04-10-00880-CV

John E. **RODARTE**, Sr.,
Appellant

v.

## TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-12625
Honorable Renee F. McElhaney, Judge Presiding

BEFORE JUSTICE ANGELINI, JUSTICE SPEEDLIN, AND JUSTICE SIMMONS

In accordance with this court's opinion of this date, the judgment of the trial court is AFFIRMED IN PART, AND REVERSED AND REMANDED IN PART. With respect to the dismissal of John E. Rodarte, Sr.'s tort claims against the Texas Department of Family and Protective Services, the judgment of the trial court is AFFIRMED. With respect to the dismissal of John E. Rodarte, Sr.'s claim arising from the denial of his request for information, the judgment of the trial court is REVERSED and this cause is REMANDED for proceedings consistent with the opinion of this court. No costs of appeal are taxed against Appellant John E. Rodarte, Sr., because he qualifies as an indigent. The Texas Department of Family and Protective Services is taxed costs of appeal incurred by it.

SIGNED June 6, 2012.

Karen Angelini, Justice

TAB E

CAUSE NO. 2010-CI-12625

| | | |
|---|---|---|
| JOHN E. RODARTE, SR., | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| v. | § | 57TH JUDICIAL DISTRICT |
| | § | |
| CHILD PROTECTIVE AND | § | |
| REGULATORY SERVICES, ET AL. | § | |
| *Defendants* | § | BEXAR COUNTY, TEXAS |

## ORDER

Came to be considered this matter concerning Plaintiff's request from Defendant of the 1995 investigation file involving allegations of child sexual abuse against Plaintiff with respect to his children. In accordance with the June 6, 2012 Memorandum Opinion of the Fourth Court of Appeals District of Texas, San Antonio, No. 04-10-00880-CV, Defendant is ordered to produce to Plaintiff a copy the 1995 investigation file in issue subject to the redactions required under law pursuant to Texas Family Code § 261.201 and Texas Administrative Code § 700.204. Defendant is further ordered to do so within 30 days of this order.

SIGNED on this _____ day of _____.

OCT  9 2012

_____
PRESIDING JUDGE



EXHIBIT
3
PENGAD 800-631-6989

AGREED AS TO FORM:

_John E. Rodarte, Jr._ *Sept. 25, 2012*
John E. Rodarte, Jr.
TDCJ# 1263270
Clements Unit
9601 Spur 591
Amarillo, Texas 79107
*Pro Se Plaintiff*

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for Defense Litigation

ROBERT O'KEEFE
General Litigation, Division Chief

JASON T. CONTRERAS
Texas Bar No. 24032093
Assistant Attorney General
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: 512-463-2120
Fax: 512-320-0667
***Attorneys for Defendant***

Cause No. 2010-CI-12625

| JOHN E. RODARTE SR., | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 57TH JUDICIAL DISTRICT |
| | § | |
| CHILD PROTECTIVE AND | § | |
| REGULATORY SERVICES, ET AL., | § | |
| Defendants. | § | BEXAR COUNTY, TEXAS |

## DEFENDANT'S ADVISORY TO THE COURT

COMES NOW Defendant the Texas Department of Family and Protective Services ("TDFPS") and files this Advisory to the Court.

On October 9, 2012, the Honorable Judge Stryker of the 224th Judicial District Court issued an Order that TDFPS produce its 1995 investigation file concerning Plaintiff's sexual abuse of his children.

In accordance with the Order, TDFPS respectfully advises the Court that it sent the file to Plaintiff on October 23, 2012 via U.S. Certified Mail Return Receipt Requested.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for Defense
Litigation

JAMES "BEAU" ECCLES
Chief, General Litigation Division



EXHIBIT

4

1

TAPE

_____

JASON T. CONTRERAS
Texas Bar No. 24032093
Assistant Attorney General
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: 512-463-2120
Fax: 512-320-0667

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been sent via Certified Mail Return Receipt Requested and regular mail on October 23, 2012, to:

**SENT VIA CMRR# 7012 1010 0002 0825 9765**
John E. Rodarte, Sr.
TDCJ #1263270
Clements Unit
9601 Spur 591
Amarillo, Texas 79107-9606

_____

Jason T. Contreras
Assistant Attorney General

2

**TAB E**

Cause No. 2010-CI-12625

| | | |
|---|---|---|
| JOHN E. RODARTE SR., | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 57TH JUDICIAL DISTRICT |
| | § | |
| CHILD PROTECTIVE AND | § | |
| REGULATORY SERVICES, ET AL., | § | |
| Defendants. | § | BEXAR COUNTY, TEXAS |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Came to be considered Defendant the Texas Department of Family Protective Services' Motion to Dismiss. After consideration of the motion, any applicable response thereto by Plaintiff and the controlling law, the motion is **GRANTED**.

**ACCORDINGLY**, it is **ORDERED** that this lawsuit be **DISMISSED**. This is a final order.

SIGNED on this _____ day of _____.


_____
PRESIDING JUDGE

**TAB E**

# TAB F



2010CI12625 -D057

Cause No. 2010-CI-12625

| | | |
|---|---|---|
| JOHN E. RODARTE SR., | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 57TH JUDICIAL DISTRICT |
| | § | |
| CHILD PROTECTIVE AND | § | |
| REGULATORY SERVICES, ET AL., | § | |
| Defendants. | § | BEXAR COUNTY, TEXAS |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Came to be considered Defendant the Texas Department of Family Protective Services' Motion to Dismiss. After consideration of the motion, any applicable response thereto by Plaintiff and the controlling law, the motion is **GRANTED**.

**ACCORDINGLY**, it is **ORDERED** that this lawsuit be **DISMISSED**. This is a final order.

SIGNED on this ___5th___ day of ___December___.

_____
PRESIDING JUDGE

Attorney for Defendant:

Jason Contreras
Assistant Atty General
State Bar No. 24032093
PO Box 12548, Capitol Station
Austin, TX 78711-2548

99

TAB F